**Lougine BELL et al., Plaintiffs,**

**v.**

**ALAMATT MOTEL et al., Defendants.**

**No. GC657.**

United States District Court
N. D. Mississippi,
Greenville Division.

June 15, 1965.

Henry M. Aronson, Carsie A. Hall, Jackson, Miss., Jack Greenberg, Melvyn Zarr, New York City, for plaintiffs.

Edward J. Bogen, Greenville, Miss., for defendant Lesters.

Philip Mansour, Greenville, Miss., for defendant Presswoods.

CLAYTON, District Judge.

This action was brought by seven Negro plaintiffs pursuant to 42 U.S.C. § 2000a–3(a) (§ 204(a) of the Civil Rights Act of 1964), for injunctive relief against racially discriminatory practices by defendants, the owners and operators of a motel and restaurant, in violation of that statute. A preliminary injunction against such practices was issued by this court following a one day trial on 1 February, 1965, and this primary goal of the prayer of the complaint is not in issue now. The controversy now before the court arises from the concluding paragraph of the prayer which, inter alia, sought to have reasonable attorney's fees included in the costs awarded to plaintiffs against defendants.

On the issue of attorney's fees, one of plaintiffs' attorneys, Honorable Henry M. Aronson, testified concerning his training, experience, time spent in preparation in this case, etc. The following question by the court, and response by Mr. Aronson, appears in the transcript:

> The Court: Let me ask you some questions. Have either of the plaintiffs who signed this retaining agreement been put to any expense with respect to attorneys' fees for representation in this case or for transportation of counsel in this case?

> The Witness: No, your Honor.

The court then expressed the opinion that counsel fees were taxed for the benefit of the party and not his lawyer, and that they were taxable only to reimburse the party for fees incurred in the litigation. The court reasoned that plaintiffs had incurred no obligation for attorney's fees and thus were not entitled to an award of attorney's fees as one of the fruits of their successful action. However, since the claim for attorney's fees rested on the recently enacted Civil Rights Act of 1964, the court declined to rule at that time and instead directed counsel to submit briefs. These briefs are now before the court.

In relevant part, the Civil Rights Act of 1964 provides:

> 42 U.S.C. § 2000a–3
>
> \* \* \* \* \* \*
>
> (b) In any action commenced pursuant to this subchapter [Subchapter II.—Public Accommodations], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

Plaintiffs' argument, in substance, is that this express authorization was intended by Congress as a punitive measure to deter owners of places of public accommodation from pursuing the racially discriminatory practices banned by the Act; that to require plaintiffs' attorneys to bear the expenses of an injunctive action necessitated by the owner's deliberate defiance of the Act encourages racial discrimination; that the statutory authorization for attorney's fees makes no distinction between a situation where plaintiffs themselves compensate their attorneys and the present situation where plaintiffs have not compensated their attorneys; and that the inability of plaintiffs to pay their attorneys should not result in the attorneys bearing the expense of the litigation. In short, plaintiffs argue that attorney's fees should be awarded for two reasons, viz., to punish the defendants and to reimburse the attorneys.

Since their origin, federal courts have had a general equitable power to award counsel fees in a proper case. Sprague v. Ticonic National Bank, 307 U.S. 161, 57 S.Ct. 777, 83 L.Ed. 1184 (1939). A general rule severely limiting such awards developed early, however, Arcambel v. Wiseman, 3 U.S. 306, 3 Dall. 306, 1 L.Ed. 613 (U.S.1796), and exceptional circumstances were necessary to justify such an award. From time to time, statutory exceptions to this judicially developed policy were created, one of the

most recent being the provision of the Civil Rights Act of 1964, quoted above.

Examples of federal statutes granting authority for the award of attorney's fees are the antitrust laws, 15 U.S.C. § 15; the communications act, 47 U.S.C. § 206; the copyright laws, 17 U.S.C. § 116; the Fair Labor Standards Act, 29 U.S.C. § 216(b); the Interstate Commerce Act, 49 U.S.C. §§ 8 and 908(b); the Merchant Marine Act, 46 U.S.C. § 1228; and the patent laws, 35 U.S.C. § 285. Generally, these and similar federal statutes fall into two groups: first, mandatory statutes providing that attorney's fees "shall" be awarded to the plaintiff if he should prevail; and, second, discretionary statutes providing that such fees "may" be awarded to the prevailing party, whether he be plaintiff or defendant. Statutes of the first type were apparently intended by Congress to encourage the bringing of suits and discourage defenses in the particular classes of litigation to which they apply. Hutchinson v. William C. Barry, Inc., 50 F.Supp. 292 (D.Mass.1943). The second group of statutes would seem to be intended to discourage either unmeritorious actions or defenses. Except for the statutory docket fees, 28 U.S.C. § 1923(a), no federal statutes provide that attorney's fees *may* be awarded to a prevailing plaintiff, or that they *must* be awarded to the prevailing party, whether plaintiff or defendant. See, Annotation: Right to Counsel Fees In Federal Court, 8 L.Ed. 2d 894, 915.

■ The statute under examination here, 42 U.S.C. § 2000a–3, expressly submits the awarding of attorney's fees to the discretion of the court, and permits such an award to the prevailing party, whether plaintiff or defendant. As indicated in the preceding paragraph, Congress is experienced in expressing its intention that a statutory award of attorney's fees is designed to encourage litigation and serve as punishment to an unsuccessful defendant. It did not do so in the Civil Rights Act of 1964, but rather expressed a purpose to discourage unmeritorious litigation. A rea-sonable construction of the statute, under prevailing conditions and in view of the aims of this legislation, would be that Congress recognized that many of the prospective plaintiffs would be without funds to employ counsel for the vindication of their constitutional rights under the Act, and that in a proper case the court, in its discretion, might award attorney's fees to the plaintiff in alleviation of this burden. At the same time, it was recognized that unmeritorious complaints under the Act could produce as serious a burden on commerce as the discrimination which it forbids, and that some measure of control should be vested in the courts toward the prevention of such a burden. Hence, plaintiff and defendant come into court on equal terms, each knowing that if the other is successful, he may be required to compensate him for at least part of the expense of litigating the issue. On this basis, this court concludes that, while it eliminates in this class of litigation the judicially developed reluctance of the federal courts to award attorney's fees, the Act goes no further, and neither requires nor suggests that the award should be punitive.

■ Turning now to the question of whether a successful litigant is entitled to attorney's fees if he has not paid nor become obligated to pay his attorney, the general rule is stated in 14 Am.Jur., Costs, § 63, p. 39, as follows:

When attorneys' fees, in addition to ordinary costs, are allowable by statute, they can, as a general rule, be taxed only when shown to have been actually charged to, or paid by, the party seeking to recover them.

See, also, 20 C.J.S. Costs § 218a, p. 459.

■ This rule is a corollary to the rule stated in 20 C.J.S. Costs § 218b, p. 460, as follows:

Unless made under a statute expressly providing for allowance and taxation directly to the attorney, an allowance of attorney's fees, under the statute or otherwise, must be and

is an allowance to a party and not to his attorney.

That these rules are applicable to actions under the Civil Rights Act of 1964 seems clear. In authorizing an award of attorney's fees to the successful litigant, Congress sought to provide a means whereby, in a proper case, the court could defray the legal expenses of the parties engaged in the litigation. Since the award is made to the party and not his attorney, its purpose is to reimburse him and make him whole. If the party has neither paid nor incurred any obligation to pay counsel, there is no necessity for making him whole.

Since, under the facts established here, such an award to the plaintiffs could not be reached by their attorneys, counsel's argument that the inability of plaintiffs to pay their attorneys should not result in the attorneys bearing the expense of the litigation, is unavailing. The award would amount to a windfall to plaintiffs as a penalty against defendants and without benefit to plaintiffs' attorneys. If Congress had so intended, it could have provided a liquidated sum as damages, since there would be no logic in measuring that sum in the terms of reasonable attorney's fees.

Finally, in the event that these conclusions are erroneous, this is not a proper case for the award of attorney's fees. Plaintiffs rely on Bell v. County School Board of Powhatan County, 321 F.2d 494 (4th Cir. 1963), in which the court of appeals reversed the district court's denial of attorney's fees to successful plaintiffs in a school desegregation case, holding that such denial was an abuse of discretion in the circumstances. A reading of that opinion reveals that defendants had engaged in dilatory and obstructionist conduct over an extended period in an effort to deny or postpone plaintiffs' achievement of their unquestionable constitutional rights. The case was extreme, and the court of appeals so regarded it:

> To put it plainly, such tactics would in any other contest be recognized as discreditable. The equitable remedy would be far from complete, and justice would not be attained, if reasonable counsel fees were not awarded in a case so extreme.

Even in a case so extreme, the decision was not unanimous. One judge, without suggesting that the majority's characterization of the discreditable tactics of the defendants was too severe, dissented solely on the ground that the denial of attorney's fees was not an abuse of discretion.

This court, without suggesting that the history of an action under the Civil Rights Act of 1964 must reach the extremes of the Bell case in order to support an award of attorney's fees, is of the opinion that the only way that the instant case could have been less burdensome on the plaintiffs would be for it to have been confessed by defendants immediately after it was filed. Whatever may be the practicalities, the Act does not purport to urge that such a practice should be the normal course or that it is the only way to avoid payment of a successful plaintiff's attorney's fees.

The denial of service upon which this action was based occurred on 18 January, 1965, and it was filed on 20 January, 1965. In obedience to the mandate of the Act for expeditious determination of such causes, this court heard evidence and argument on the application for a preliminary injunction on 1 February, 1965, fourteen days after the cause of action arose. That same day a preliminary injunction was allowed as prayed for in the complaint, granting, as a practical matter, the full substantive relief which plaintiffs sought. Plaintiffs were not put to any expense with regard to discovery proceedings instituted by the defendants, who in fact conceded many of the material allegations of the complaint. There was nothing dilatory in the conduct of the defendants or their attorneys. Under these circumstances, an award of the attorney's fees, rather than a denial thereof, would be an abuse of discretion.

An order will be entered denying the prayer of the complaint for an award of attorney's fees.