LINCOLN STREET REALTY COMPANY *vs.* ELIZABETH A. GREEN.

Worcester. January 6, 1978. — March 14, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Damages,* Counsel fees. *Legal Service Organization. Words,* "Incurred."

A defendant who was successful in a summary process action brought by
    her landlord was not entitled to recover attorney's fees under a clause
    in her lease providing that the prevailing party shall recover reasona-
    ble attorney's fees incurred where she was represented by a publicly
    funded legal service organization and was not personally obligated to
    pay attorney's fees. [630-633]

SUMMARY PROCESS. Writ in the Central District Court of
Worcester dated February 2, 1977.

The action was tried before *McCooey,* J., and motions
with respect to the assessment of attorney's fees were heard
by him.

*J. Paterson Rae* for the defendant.

*Robert J. Arakelian* for the plaintiff.

ABRAMS, J. The plaintiff Lincoln Street Realty Company
(Lincoln Street) brought an action of summary process
against the defendant Elizabeth A. Green (Green) to evict
her for a violation of her lease. After a jury trial, a verdict
was returned in favor of the defendant.

The lease between the parties contained the following
clause: "If the court action rules against RESIDENT, then
he shall pay to MANAGER any costs, sheriff fees or any oth-
er fees involved, including reasonable attorney's fees; if
court action rules against MANAGER, then he shall pay to
RESIDENT any costs, sheriff fees or any other fees in-
volved, including reasonable attorney's fees, incurred by the
RESIDENT in any such process." Pursuant to this provi-
sion, Green filed a motion to assess attorney's fees against
Lincoln Street. This motion was granted. Subsequently,

Lincoln Street filed a motion to reconsider the award of attorney's fees. On reconsideration, the judge revoked and rescinded the allowance of attorney's fees. Green appeals from the order denying attorney's fees.

Green's attorney is employed by Central Massachusetts Legal Services, Inc., a publicly funded legal service organization which represents indigent clients who are unable to afford attorney's fees and which does not bill clients for its services. In general, a prevailing party may not recover attorney's fees in the absence of statutory authorization or a contractual provision.[1] See *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 311-313 (1976); *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc'y*, 421 U.S. 240 (1975). The issue presented for review is therefore whether a person represented by an attorney who does not charge his clients may recover attorney's fees under a contractual clause which provides that the prevailing party shall recover reasonable attorney's fees incurred.

Green argues that since publicly funded legal service organizations are generally recognized as appropriate recipients of fee awards, attorney's fees should be awarded under the lease in the present case. However, none of the cases on which the defendant relies for the proposition that fee awards to legal service organizations are proper involved a contractual provision allowing the prevailing party to recover attorney's fees. While we agree that when attorney's fees are statutorily authorized legal service organizations are entitled to receive such awards, see *Lund* v. *Affleck*, 442 F. Supp. 1109 (D.R.I. 1977), we conclude that, because of the different policy considerations involved, legal service

---

[1] One possible exception to this general rule is that attorney's fees might be awarded when a losing party acts in bad faith. See *Fairley* v. *Patterson*, 493 F.2d 598, 606 (5th Cir. 1974). There is no evidence of any such bad faith on the part of the plaintiff in this case. In particular, the lease contained a provision allowing the manager to evict a resident with the approval of the Massachusetts Housing Finance Agency after a hearing. The defendant was afforded such a hearing and a decision favorable to the management was rendered.

organizations are not appropriate recipients of fee awards made pursuant to a contractual provision allowing recovery of attorney's fees *incurred.*

Statutory authorization to award attorney's fees to the prevailing party in certain types of actions primarily serves the interrelated purposes of encouraging private enforcement of particular laws chosen by the Legislature, deterring illegal conduct in connection with these laws, and punishing those who violate these laws. See Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv. L. Rev. 411, 412-421 (1973). Since these same public policies are served by an award of attorney's fees to a legal service organization, such an organization is a proper recipient of a fee award authorized by a statute.[2] See *Lund* v. *Affleck, supra*; Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv. L. Rev. 411, 412-421 (1973).

However, these public policy considerations are absent when an award of fees is sought pursuant to a contractual provision authorizing the recovery of "attorney's fees *incurred*" (emphasis added). Rather, in this context, the agreement between the parties resembles a contract of indemnity and contemplates that the prevailing party will be reimbursed for his attorney's fees. We, therefore, conclude that "incurred" in this contractual context means "personally obligated to pay."[3]

---

[2] General Laws c. 186, § 20, inserted by St. 1977, c. 159, § 1, provides in pertinent part: "Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees . . . incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, . . . there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees . . . incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part . . . or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant . . . ." We do not decide whether, in cases in which the statute is applicable, it constitutes statutory authorization for an award of attorney's fees in circumstances similar to this case.

[3] The defendant argues that such an interpretation would distort the lease provision in the management's favor. Since few tenants in the hous-

Since Green was not liable for any attorney's fees, no fee award should have been made. We affirm the District Court's disposition of the plaintiff's motion to reconsider the allowance of attorney's fees.

*Order allowing plaintiff's
motion affirmed.*

---

ing project involved can afford private counsel, the management would rarely be required to pay attorney's fees when it was unsuccessful. This argument, however, ignores the fact that since tenants are of low or moderate income, it would be unlikely that the management could recover any or all of its attorney's fees from the tenants when it was successful. See Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv. L. Rev. 411, 422-424 (1973).