Argued and submitted October 31, 1980, affirmed in part,
reversed in part and remanded March 9, 1981

WEST,
*Appellant,*
*v.*
FRENCH,
*Defendant,*
COLEMAN,
*Respondent.*

(No. 116335, CA 17541)

625 P2d 144

Kenneth R. Ryder, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for appellant.

Francis I. Smith, Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Plaintiff is the former tenant of a mobile home unit in Marion County. In what started as a forcible entry and detainer action, which was voluntarily dismissed on the day of trial, the tenant (who is hereafter referred to as plaintiff) asserted three counterclaims for damages arising from (1) the unlawful entry by the landlord onto the premises, (2) the wilful diminution of services by the interruption of electricity and (3) the wilful diminution of services by the interruption of heat. The district court found for plaintiff on the second counterclaim only, and denied plaintiff's motion for attorney fees. Plaintiff then filed a petition for writ of review in circuit court, which affirmed the decision below. Plaintiff appeals from the order of the circuit court and assigns error to the denial of the third counterclaim and the denial of plaintiff's request for reasonable attorney fees.

■     The circuit court affirmed the judgment order of the district court as to denial of the third counterclaim because the return to the writ did not include the taped testimony or other evidence which was necessary to allow the court to review the record for substantial evidence. Plaintiff makes no contention on appeal that the circuit court erred in not ordering a further return to the writ. Furthermore, we have the same record reviewed by the circuit court, and it is incomplete. Therefore, we affirm the judgment on the third counterclaim.

With respect to attorney fees, the "Findings of Fact, Conclusions of Law and Judgment Order" of the district court states ("defendant" referring to plaintiff here):

> "Defendant has not expended any funds for legal representation, legal service being provided to him by Marion-Polk Legal Aid Service, Inc., without cost to him. Marion-Polk Legal Aid Service is not a party to the action and therefore cannot claim attorney fees. Attorney fees will not be awarded on either the defense of the FED or the successful counterclaim.
>
> "* * * * *

"THE COURT CONCLUDES that

"1.	The Oregon Appellate Courts in the many cases it has read appear to take a very restrictive position as to awards of attorney fees, allowing them only where there is specific statutory direction;

"2.	This court has no authority to enter an award of attorney fees in cases under the Landlord-Tenant Act to other than a prevailing party;

"3.	In order for the prevailing party to be awarded attorney fees, he must have incurred attorney fee expenses which the defendant, who obtained free services, did not incur.

"IT IS THEREFORE ADJUDGED and ORDERED that:

"* * * * *

"5.	Defendant's request for reasonable attorney's fees pursuant to ORS 91.755 is denied."

In affirming, the circuit court adopted the findings and conclusions of the district court.

The question raised is one of first impression in this state and, as argued, the issue is two-fold: (1) Under ORS 91.755, may a prevailing party be awarded reasonable attorney fees when legal representation has been furnished at no charge, and for which no charge may be made, by an attorney employed by a legal aid service? (2) If the answer to the first inquiry is yes, may the award of attorney fees be ordered to be made directly to a legal aid service, a non-party?

There is scattered authority in other jurisdictions for the rule that a party must actually incur an attorney fee in order to be entitled to an award of reasonable attorney fees. The rationale for the rule, where given, varies depending on the particular statute or contractual provision involved and the perceived purpose of the award. *See, e.g., Bell v. Alamart Motel,* 243 F Supp 472, 474-75 (ND Miss 1965) (reimbursement rationale); *City Investment Co. v. Pringle,* 49 Cal App 353, 356, 193 P 504 (1920) (reimbursement); *G.F.C. Corp. v. Rollins,* 50 So 2d, 460, 464, *affirmed* 59 So 2d 108 (La 1951) ("settled Jurisprudence" requires that fees be incurred); *Lincoln Rlty. Co. v. Green,* 373 NE2d 1172 (Mass 1978) (contract specifies "attorney fees and costs incurred"); *Ehlert v. Ward,* 588 SW2d 500 (Mo 1979)

(award under 15 USC § 1640(a)(2) is to make client whole); *Aetna L. Ins. Co. v. National Union F. Ins.Co.,* 98 Neb 446, 449-50, 153 NW 553 (1915) (nominal party who is not liable for litigation expenses is not entitled to award); *McClure v. Little,* 15 Utah 379, 387-88, 49 P 298 (1897) (statute limits award to fees actually paid by client and retained by attorney). The last two cases are cited in support of the statement of that principle in 14 Am Jur, Costs § 73, at 59. Only *Lincoln Rlty. Co. v. Green, supra,* and *Ehlert v. Ward, supra,* involved a client represented by a legal aid service.

In other cases where the prevailing party is represented by a legal aid attorney and there is statutory authorization for attorney fees, courts have allowed them, sometimes directly to the legal aid service. Again, the rationale varies. *See, e.g., Miller v. Amusement Enterprises,* 426 F2d 534, 538-39 (5th Cir 1970) and *Dennis v. Chang,* 611 F2d 1302 (9th Cir 1980) (awards made under 42 USC § 1988 effectuate broad policies of Civil Rights Act); *Lund v. Affleck,* 442 F Supp 1109, 1111-12 (D.R.I. 1977), *affirmed* 587 F2d 75 (1st Cir 1978) (award in welfare rights case stimulates continued representation of poor litigants in civil rights actions); *Linthicum v. Archambault,* 398 NE2d 482, 488 (Mass 1979) (consumer protection act requires award when statutory violation found); *Tofte v. Washington State Dept. of Social & H. Serv.,* 85 Wash 2d 161, 163-65, 531 P2d 808 (1975), *approved in Berry v. Burdman,* 93 Wash 2d 17, 24, 604 P2d 1288 (1980) (deterrent effect and incentive to the agency to evaluate each case more carefully justifies award under mandatory statute in administrative appeal of welfare case even though party represented by legal aid).

We discern no consistent rule in the above cases to be applied here. Our analysis must begin with the language and purposes of ORS 91.755, which provides:

"In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

This statute does not expressly require that attorney fees be "incurred," which may arguably distinguish it, for example, from ORS 20.096,[1] which uses the phrase, "attorney's fees and costs incurred." The statutory use of "incurred" formed the basis of the denial of attorney fees in *Lincoln Rlty. Co. v. Green, supra.* A corollary of that holding might be that absent the express statutory requirement, an award of attorney fees is permitted if otherwise appropriate, even though none has been incurred.

The statute here involved makes no distinction between parties represented by private attorneys and those represented by attorneys from a legal aid service. Moreover, although the provision makes the award of a reasonable attorney fee discretionary rather than mandatory, the Supreme Court has said that under this provision "normally a 'prevailing party' would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case." *Executive Mgt. Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976). Although it might be argued that it is not an abuse of discretion to refuse to award attorney fees to a party who, under normal circumstances, may not be required to pay any such fees, we reject that general proposition for reasons hereafter stated.

Statutory provisions for attorney fees can be justified on various policy grounds. If an attorney fee award is intended solely to reimburse the prevailing party for litigation expenditures, then the requirement that the fee be incurred is not unreasonable. The question then, however, is not how much was incurred for attorney fees, but what is a reasonable attorney fee — which might be more or less than the fee incurred. There is authority in Oregon for the related principle that attorney fee awards serve to indemnify a prevailing party against the expenses of litigation. *See Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 601, 17 P2d 1107, 21 P2d 187 (1933); *Spores v. Maude,* 81 Or 11, 16,

---

[1] ORS 20.096(1) provides:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

158 P 169 (1916). But in those cases the principle is derived from the particular statutes involved, which *expressly* stated that costs, including attorney fees, were by way of indemnity to a prevailing party.

In *Bell v. Alamart Motel, supra,* the court found the purpose of a federal statute allowing, but not requiring, attorney fees to the prevailing party to be to discourage unmeritorious litigation and not to penalize the losing party. Therefore the court gave more weight to the reimbursement rationale:

> "That these rules are applicable to actions under the Civil Rights Act of 1964 seems clear. In authorizing an award of attorney's fees to the successful litigant, Congress sought to provide a means whereby, in a proper case, the court could defray the legal expenses of the parties engaged in the litigation. Since the award is made to the party and not his attorney, its purpose is to reimburse him and make him whole. If the party has neither paid nor incurred any obligation to pay counsel, there is no necessity for making him whole.

> "Since, under the facts established here, such an award to the plaintiffs could not be reached by their attorneys, counsel's argument that the inability of plaintiffs to pay their attorneys should not result in the attorneys bearing the expense of the litigation, is unavailing. The award would amount to a windfall to plaintiffs as a penalty against defendants and without benefit to plaintiffs' attorneys. If Congress had so intended, it could have provided a liquidated sum as damages, since there would be no logic in measuring that sum in the terms of reasonable attorney's fees." 243 F Supp at 475.

Although the award under ORS 91.755 is also to be made to the party and not to the attorney, express language has not been used to indicate an indemnity rationale. For the successful litigant represented by private counsel, the award will, in fact, serve the indemnification function. We have no doubt that the statute includes the concept of indemnification, and that may be its principal purpose. We cannot say, however, that indemnification is its sole purpose considering the Act as a whole.

The Oregon Residential Landlord and Tenant Act, Or Laws 1973, ch 559, (codified as ORS 91.700-.895), is a

modification of the Uniform Residential Landlord and Tenant Act of 1972 (URLTA), 7A Uniform Laws Annotated 503-60 (1978). In the process of adopting the Oregon legislation in 1973, the Senate Local Government and Urban Affairs Committee deleted URLTA's reference to attorney's fees in specific contexts, including actions involving a landlord's bad faith failure to deliver possession of the premises, a tenant's termination of a rental agreement, and a tenant's wilful holdover. URLTA, §§ 4.102, 4.206, 4.301. The legislative history indicates that the committee chose the current formulation of ORS 91.755 over an alternate provision that authorized attorney fee awards to either party only upon a showing of wilful misconduct or bad faith on the part of the other.

■    The reason for adopting the broader provision was to impose the risk of being required to pay the other party's attorney fees on both landlords and tenants in the hope of discouraging them from litigating their disputes beyond the scope of summary forcible entry and detainer procedures. Minutes, Senate Local Government and Urban Affairs Committee, March 20, 1973, 3; see ORS 105.105-.155. We note, for example, that an FED action to which ORLTA applies may not be filed by an attorney (ORS 105.125 (2)(c)), and that although any party may be represented by an attorney during the proceedings, no attorney fees may be awarded if the tenant does not contest the action. ORS 105.137(3). In other words, the general tenor of the Act, together with the contemporaneous amendments to ORS 105.105-.155, is to provide a speedy and inexpensive remedy in the absence of a real dispute. Where there is a genuine dispute, the primary purpose of the attorney fee provision is to encourage the settlement or speedy resolution of landlord-tenant disputes. It is intended as a disincentive to engage in protracted litigation, and an incentive to both sides to work out a reasonable settlement. We cannot say that the incentive will not operate effectively on clients represented by a legal aid attorney on the theory that they are judgment proof:

> "* * * The legal aid client becomes liable to pay his opponent's fees if he does not act in the desired manner, and he can avoid this liability and gain free representation if he acts properly. Thus, the legal aid client still faces the

risk of having to pay a fee award to his opponent. In some cases this possibility may in fact create little incentive to alter behavior, since the legal aid client may be so indigent as to be judgment-proof. But the frequency with which legal aid clients are sued in civil actions [Footnote omitted] indicates that often judgments against them can be satisfied. And even if a losing legal aid client could only partially satisfy a judgment, the limited potential liability may mean as much or more to him than full potential liability means to his more affluent opponent." Note, "Award of Attorney's Fees to Legal Aid Offices," 87 Harvard L Rev 411, 418 (1973).

To go a step further, a judgment, if properly docketed, becomes a lien on any real property the client owns or subsequently acquires, and even though it may not be collectible immediately, the lien remains for the statutory period, subject to renewal and accruing interest, and may be collectible years down the road when and if that client becomes more affluent. The settlement-inducing policy is a strong basis for imposing attorney fee awards uniformly and with mutuality. A similar policy underlies ORS 743.114,[2] for example, providing for attorney fees to a prevailing plaintiff in actions upon insurance policies if the plaintiff recovers more than the amount tendered by the defendant. *Heis v. Allstate Ins. Co.,* 248 Or 636, 643-44, 436 P2d 550 (1968). (*See also* ORS 20.080(1); ORS 20.096.) The policy implications are discussed in Note, "Award of Attorney's Fees to Legal Aid Offices," *supra,* 87 Harvard L Rev at 418, wherein the authors conclude:

"* * * If the incentives provided by the possibility of having to pay a fee award are beneficial in cases involving private counsel, they are also beneficial when legal aid lawyers are involved. There is no reason why the poor, solely because they are represented by legal aid, should be denied such settlement-inducing leverage and thus be required to resort more often to the courts. [Footnotes omitted.]"

---

[2] ORS 743.114 provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

■ Faced with the choice as to which policy should dictate the result in this case, given the legislative history of the statute and general considerations discussed above, we conclude that the clear choice is to give uniform, mutual effect to the right of the prevailing party to a reasonable attorney fee — hopefully, to induce resolution of disputes and to minimize landlord-tenant litigation. Those purposes would tend to be frustrated if only the tenant was threatened with the award of an attorney fee against him or her where the tenant is represented by legal aid. An imbalance would result; an imbalance based on a distinction not contained in the statute, that is, whether a party is represented by private counsel or by an attorney for a legal aid service. We recognize that there may be cases where the tenant, after receiving payment of the awarded attorney fees, fails to pay the fee to legal aid, in which case the tenant may receive a windfall. On the other hand, if no attorney fees are permitted where the tenant prevails, the landlord has obtained a windfall.

■ ■ In light of our conclusion that the statute authorizes an award of attorney fees to a tenant represented by legal aid, litigation under the Landlord and Tenant Act where an award of attorney fees is permitted may become a "fee-generating case" subject to the requirements of 45 CFR §§ 1609.1 - 1609.5.[3] If it is a "fee-generating case," and if legal aid has complied with the requirements § 1609.4,

---

[3] 45 CFR §§ 1609.1 - 1609.5 provide:

"This part is designed to insure that recipients do not compete with private attorneys and, at the same time, to guarantee that eligible clients are able to obtain appropriate and effective legal assistance." § 1609.1.

" 'Fee-generating case' means any case or matter which, if undertaken on behalf of an eligible client by an attorney in private practice, reasonably may be expected to result in a fee for legal services from an award to a client, from public funds, or from the opposing party." § 1609.2.

"No recipient shall use funds received from the Corporation to provide legal assistance in a fee-generating case unless other adequate representation is unavailable. All recipients shall establish procedures for the referral of fee-generating cases." § 1609.3.

"Other adequate representation is deemed to be unavailable when (a) The recipient has determined that free referral is not possible because:

"(1) The case has been rejected by the local lawyer referral service, or by two private attorneys; or

there is no necessity for us to consider counsel's second contention that the court should direct payment of the amount of attorney fees awarded directly to legal aid.[4] Section 1609.5 of the regulations provides:

"(a) A recipient may seek and accept a fee awarded or approved by a court or administrative body, or included in a settlement, if

"(1) The requirements of § 1609.4 are met, and

"(2) Funds received are not used for purposes prohibited by the Act, and are accounted for in the manner directed by the Corporation.

"(b) If a legal fee is awarded or approved by a court or administrative body, it shall be remitted promptly to the recipient." ("Recipient" is defined elsewhere as the legal service organization.)

We read that section to permit legal aid to accept a fee awarded by a court, and to require the client to remit such a fee promptly to legal aid when the client receives it. Further, it is implicit in the regulations, and is reasonable to conclude, that any person accepting the services of legal aid does so subject to the regulations governing the providing

---

"(2) Neither the referral service nor any lawyer will consider the case without payment of a consultation fee; or

"(3) The case is of the type that private attorneys in the area ordinarily do not accept, or do not accept without prepayment of a fee; or

"(4) Emergency circumstances compel immediate action before referral can be made, but the client is advised that, if appropriate, and consistent with professional responsibility, referral will be attempted at a later time; or

"(b) Recovery of damages is not the principal object of the case and a request for damages is merely ancillary to an action for equitable or other nonpecuniary relief; or inclusion of a counterclaim requesting damages is necessary for effective defense or because of applicable rules governing joinder of counterclaims; or

"(c) A court appoints a recipient or an employee of a recipient pursuant to a statute or a court rule or practice of equal applicability to all attorneys in the jurisdiction." § 1609.4.

Section 1609.5 (set forth in text and not reproduced here).

[4] Aside from the lack of necessity to consider the contention, it is patently anomalous that the plaintiff, as the party entitled to any fee awarded, would undertake this appeal to require the court to order payment of that fee directly to legal aid rather than to him. It is apparent, therefore, that this contention is made by counsel on behalf of legal aid, which is not a party to this proceeding and appears to be without standing to litigate that issue in the context of this litigation.

of those services. Accordingly, if a legal aid client is awarded attorney fees under the statute, and if legal aid has complied with § 1609.4, the client is legally obligated to pay over to legal aid the amount of the fee awarded when it is paid.

In this context, legal aid is no worse off than any attorney who has not been paid in advance; if the client refuses to pay after having received the fee awarded by the court, there are legal processes available to effect collection. If the client is willing, there is no apparent reason why he or she may not execute an assignment to legal aid of any attorney fee which might be awarded the client in a pending case; provided always, that the attorney-client relationship remain legal aid's foremost concern, notwithstanding a client's refusal to execute such an assignment in advance.

We remand the case to the circuit court with instructions to remand it to the district court for further proceedings to determine a reasonable attorney fee to be awarded plaintiff herein and for a modification of the judgment heretofore entered.

Affirmed in part, reversed in part and remanded.