COLONIAL ESTATES ASSOCIATES *vs.* DONNA MONTAGNA. October 31, 1984. *Damages,* Counsel fees. *Legal Services Organization. Landlord and Tenant,* Recovery of counsel fees.

This summary process action was tried to a jury, which found for the defendant (tenant). The lease included a provision allowing the landlord to recover his attorney's fees if he should be successful in prosecuting such an action. By operation of G. L. c. 186, § 20, inserted by St. 1977, c. 159, § 1, the lease contained an "implied . . . covenant by the landlord to pay to the tenant the reasonable attorneys' fees and expenses incurred by the tenant" if the tenant should prevail. The court denied the tenant's application for the assessment of such fees on the ground that the tenant, as an indigent person, had been represented by a legal services organization and thus had incurred no fee. In *Lincoln Street Realty Co.* v. *Green,* 374 Mass. 630 (1978), it was held that a tenant so represented could not recover an attorney's fee under an express contractual provision that either the landlord or tenant was to be reimbursed for attorneys' fees incurred in successfully prosecuting or defending such an action. The question here presented was expressly left open. *Id.*, at 632 n.2.

In *Torres* v. *Attorney General,* 391 Mass. 1, 14-15 (1984), it was held that a plaintiff successfully suing for damages under the Fair Information Practices Act (G. L. c. 66A, inserted by St. 1975, c. 776, § 1) was entitled to an award of attorneys' fees under the statutory provision therefor (G. L. c. 214, § 3B, as amended by St. 1977, c. 691, § 14), despite the fact that he was represented by a legal services organization. It was observed (at 14) that other courts had reached the same conclusion under "*statute[s] similar to the FIPA*" and (at 15) that the legislative goals of encouraging private law enforcement and discouraging noncompliance "have been given more weight in construing the word 'incurred' in the context of *such statutes* than has the meaning of the word in a debtor-creditor sense" (emphasis added in both instances). Violations of statutes of the type referred to often involve little in the way of actual, provable monetary damages, with the consequence that the remedy by litigation will often be illusory unless the cost of litigation is transferred from the injured party to the violator. Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv. L. Rev. 411, 412-415 (1973), cited in *Lincoln Street Realty Co.* v. *Green,* at 632.

General Laws c. 186, § 20, is not a statute of that type. It is limited in scope to equalizing the burden of potential litigation costs where a provision in the lease imposes that burden disproportionately on the tenant. It is not broadly designed to encourage tenants to vindicate their rights under leases by resort to litigation. It has no application at all where the lease makes no provision for shifting the landlord's attorney's fees, or where the lease has a bilateral fee-shifting provision. The *Torres* case did not purport to overrule the *Lincoln Street Realty Co.* case; and it would be anomalous to hold that a tenant represented by a legal services organization may recover attorneys' fees when the lease provision allowing the recovery of such fees is implied but that he may not where the identical lease provision is express.

*Judgment affirmed.*

*John D. Stuebing (J. Paterson Rae* with him) for the defendant.
*Charles W. Danis, Jr.,* for the plaintiff.