McCann, John S., J.
INTRODUCTION
The case at bar arises out of a covenant not to compete that the plaintiff, Genuine Parts Company (“GPC”), and the individual defendant Edward Allard (“Allard”), entered into upon the sale of Allard’s motor vehicle parts business to GPC, subsequent to which sale Allard was employed by GPC. Allard and Autopart International, Inc. (“Autopart”), Allard’s current employer (collectively, “the defendants”), moved for sum-maryjudgment, requesting declaratory judgment with respect to the enforceability of the covenant not to compete and judgment in their favor on all four counts of GPC’s complaint. This court allowed summaiyjudgment in the defendants’ favor and issued a declaration modifying the covenant not to compete to make it less restrictive [26 Mass. L. Rptr. 21). It also allowed summary judgment in GPC’s favor on the defendants’ abuse of process counterclaim.
The matter is now before the court on the defendants’ motions for taxation of costs and assessment of attorneys fees against GPC. For the following reasons, the motions are ALLOWED.
FACTUAL BACKGROUND
On May 26, 2005, GPC and Allard entered into a “Covenant Not To Compete,” which was the subject of the underlying litigation. The agreement provided in relevant part, “In the event that any action is filed in relation to this Covenant Not to Compete, the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party is called upon to pay, a reasonable sum for the successful party’s attorneys fees.”
Autopart and its parent company, Advanced Auto Part, Inc., retained Garrett Harris (“Attorney Harris”) to represent both Autopart and Allard in the underlying action, and Autopart paid all fees and costs on behalf of both parties. According to Attorney Harris, the defendants jointly incurred $101,314.50 in attorneys fees and $2,843.32 in costs in connection with the underlying action. (Harris Aff., par. 5.) Allard executed a formal assignment of rights to Autopart with respect to any fees and costs he is entitled to recover. (Defs. Reply Memo., Ex. 1.)
The defendants have moved for costs pursuant to this court’s August 6, 2009 order dismissing GPC’s complaint “as to all counts with costs.”[2] They have also requested attorneys fees pursuant to the aforementioned fee-shifting provision in the Covenant Not To Compete between GPC and Allard.
GPC opposes the defendants’ request for attorneys fees on the grounds that (1) Autopart is not contractually entitled to attorneys fees because it was not a *145 party to the contract; (2) Allard is not contractually entitled to attorneys fees because he did not personally pay such fees; (3) Allard was not the successful party in the underlying action;[3] and (4) the fees requested are unreasonable. DISCUSSION
Generally, Massachusetts follows the “American rule,” which provides that litigants must bear their own expenses. Waldman v. American Honda Motor Co., 413 Mass. 320, 321 (1992). An exception to this rule exists where attorneys fees are authorized by statute or by contractual provision. See Lincoln Street Realty Co. v. Green, 374 Mass. 630, 631 (1978).
There is no question that Autopart may not recover attorneys fees under the fee-shifting provision, as it was not a party to the covenant. The issue is whether the fact that Allard was not called upon to pay his own defense costs precludes him from recovering attorneys fees under the provision to reimburse Autopart for its gratuitous payment.[4]
It is well-established that fee-shifting provisions in contracts, unless they expressly state otherwise, require the losing party to pay only those costs and fees that the prevailing party is personally obligated to pay in connection with the action. See, e.g., Lincoln Street Realty Co., 374 Mass. at 632. GPC cites several cases in support of its contention that Allard is not entitled to recovery of attorneys fees under the contract because he did not, in fact, pay them.
In Winthrop v. Lowenthal the Appeals Court held that, pursuant to a fee provision stating that the prevailing party “shall be entitled to recover its costs and reasonable attorneys fees,” the losing party was required to pay only those reasonable fees that the prevailing party would have been obligated to pay. 29 Mass.App.Ct. 180, 181, 185-86 (1990). In light of evidence that the prevailing party had entered into a contingent fee agreement with its attorney, the Court rejected the prevailing party’s argument that the fee-shifting provision entitled him to reasonable fees as determined by the fact finder, concluding instead that the contingent fee agreement controlled the amount of costs and attorneys fees that the losing party would be required to pay under the provision. Id. at 186.
In Lincoln Street Realty Co., the Supreme Judicial Court confronted a fee-shifting provision in a residential lease that entitled the prevailing party in an action under the lease — in this case, the tenant, to costs and “attorneys fees incurred.” 374 Mass, at 630. The Court held that “ ‘incurred’ in this contractual context means ‘personally obligated to pay,’ ” adding that “the agreement between the parties resembles a contract of indemnity and contemplates that the prevailing party will be reimbursed for his attorneys fees.” Id. at 632. The Court concluded that, because the victorious tenant had been represented by a publicly funded legal services organization that does not charge its clients, the tenant was not liable for any attorneys fees, and therefore no fee award should have been made. Id. at 633.
In Northern Associates, Inc. v. Kiley, the Appeals Court reiterated that legal fees were only “incurred” for the purposes of a contractual fee provision where the prevailing parly renders itself liable to pay for such fees. 57 Mass.App.Ct. 874, 877 (2003). It held, however, that a party may incur fees even absent evidence that it actually paid or received a bill for those fees. Id. at 878. “Whether a party ultimately pays the fees for which he has obligated himself, or whether the attorney seeks to collect on the outstanding indebtedness, is not determinative.” Id. Thus, the Court held that the prevailing parties to a commercial lease agreement could recover their costs and fees even where there was no affirmative evidence that they had paid their attorneys or entered into an agreement to do so. Id. In reaching its conclusion, the Court noted that the losing party had not pointed to any evidence that the prevailing parties and their attorneys had agreed that the services would be rendered free of charge regardless of the outcome, and thus it was reasonable to assume that the prevailing parties had incurred a non-contingent obligation to pay for their representation. See id. at 878 n.8.
Here, by contrast, it is undisputed that Allard was under no personal obligation to pay the costs and fees associated with his defense in the underlying action, and that Autopart paid them on Allard’s behalf without any promise of remuneration. Nevertheless, under the circumstances, it would elevate form over substance to require Allard to show that he rendered himself personally liable to pay his costs and fees in order to recover them. Although case law instructs that parties to contractual fee-shifting provisions may recover only those fees which they have actually incurred, a rigid interpretation of this rule would yield an incongruous result in this case.
As the defendants point out, the primary focus in the aforementioned cases was not on who paid the fees, but on whether anyone had paid any fees at all.[5] There is no question that Allard’s defense generated considerable fees and that, if he had hired Attorney Harris to represent him directly, he would have incurred a personal obligation to pay for those services, regardless of whether another party ultimately paid on his behalf. See Northern Assocs., 57 Mass.App.Ct. at 878 (“Incurring a fee is to be distinguished from paying a fee . . . Whether a party ultimately pays the fees for which he has obligated himself, or whether the attorney seeks to collect on the outstanding indebtedness, is not determinative”). Therefore, the court does not read Lincoln Street Realty Co. and its progeny to dictate the conclusion that Allard may not contractually recover costs and attorneys fees paid on his behalf.
The court recognizes that, as far as the contractual relationship between GPC and Allard is concerned, Allard is already in the same position he would have *146 been in prior to litigation because he was never personally obligated to pay his own costs and fees. Generally, the court’s concern in evaluating contractual fee-shifting provisions is not to assess punitive damages against the unsuccessful party, but rather to enforce the provisions in a manner that makes the successful party whole. See Winthrop, 29 Mass.App.Ct. at 186 n.6 (legislative policies behind statutes that call for the shifting of payment of legal fees to the losing party “are not present where parties voluntarily agree to shift the payment” by contractual arrangement). Even in cases involving fee-shifting agreements, however, the Appeals Court has observed that a contractual award of attorneys fees may “appropriately reflect!) that ‘the plaintiff has dragged the defendant through a costly and ultimately fruitless exercise.’ ” Northern Assocs., 57 Mass.App.Ct. at 881, quoting Bardon Trimount, Inc. v. Guyott, 49 Mass.App.Ct. 764, 780 (2000). Consistent with this principle, there is no reason why GPC should escape liability for costs and fees under the covenant simply because a third party covered the costs of defending Allard against GPC’s costly and fruitless action. See Quest Systems, Inc. v. Zepp, 28 Mass.App.Ct. 489, 496 (1990) (in case that did not involve contractual fee provision, fact that defendant’s attorneys fees had been paid by a third party did not bar recovery if fees were otherwise appropriate on grounds that claim was vexatious).
It strains credulity to suggest that GPC contemplated at the time it agreed to bear the costs of unsuccessful litigation against Allard that a third party would gratuitously offer to bear the costs of Allard’s defense. In this regard, GPC is in no worse a position than if Allard had insisted upon hiring Attorney Harris himself, and a contractual fee award appropriately reflects the parties’ expectation that each litigant would assume certain risks in suing to enforce the Covenant Not To Compete. Thus, the court adopts the premise that, where a party would have personally incurred costs and attorneys fees but for a third party’s offer to pay them on the parly’s behalf, that party should not be precluded from asserting its right to recover reasonable costs and attorneys fees pursuant to a contractual fee-shifting provision. Nor should it be precluded from then assigning its right to payment to the third party, either by contract or under a subrogation theory. If the appellate courts intended a contrary result, it is not immediately apparent from the case law.
Moreover, the court rejects GPC’s alternative argument that costs and attorneys fees must be apportioned to represent amounts fairly allocable to each defendant in the underlying action. Although GPC’s complaint included separate counts against Allard and Autopart, the entire action arose out of Allard’s alleged breach of the Covenant Not To Compete, and Autopart’s success on the two counts against it was largely a byproduct of the court’s conclusion that Allard was entitled to summary judgment on the breach of contract claims. Given the interrelationship of all four counts, the court is not inclined to treat them as separable in a futile attempt to determine which expenses served which particular defendant the most.
Finally, with respect to GPC’s argument that the defendants’ request for $101,314.50 in attorneys fees is unreasonable, the court finds that after review of the records, the affidavit in support of attorneys fees, and the retainer Agreement (impounded) that the fees are reasonable. Although at first blush the attorneys fees requested appear to be excessive for a case that did not reach trial, a closer inspection of the defendants’ itemization of fees and costs reveals that the defendants were forced to expend significant time and money during discovery, particularly with respect to numerous depositions that were taken. Furthermore, the hourly rates charged were not unreasonable. The high defense costs in this case were driven by the nature of GPC’s claims against Allard and Autopart, which required significant discovery, and GPC assumed the risk of such costs when it brought this action to enforce the covenant.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motions for taxation of costs in the amount of $2,843.32 and for assessment of attorneys fees in the amount of$101,314.50be ALLOWED. It is further ORDERED that Genuine Parts Company pay to the defendant Edward Allard costs and attorneys fees in an amount consistent with this decision.

 While GPC disputes its obligation to pay costs pursuant to its covenant with Allard, it does not dispute its obligation to pay the defendants’ costs in connection with the underlying action, pursuant to this court’s summary judgment order. Therefore, the defendants’ motion for taxation of costs in the amount of $2,843.32 shall be allowed.

 The court is not persuaded by GPC’s argument that Allard was no more successful than GPC because he did not succeed on his abuse of process counterclaim or in his effort to have the covenant voided in its entirety. The claims against Allard were based on his alleged breach of the covenant, and in this significant respect, GPC was clearly “the unsuccessful party in the action.”

 GPC argues that Allard may not assign his rights to payment under the fee provision because personal services contracts are not assignable. This argument is misplaced. Allard’s proposed assignment of his right to payment of his reasonable attorneys fees pursuant to the contract is not in the nature of an assignment of personal services, but rather is an assignment of a contractual right to payment.

 In the cases limiting fee awards to expenses actually incurred, either no attorneys fees were charged by anyone, see Lincoln Street Realty Co., 374 Mass. at 633, or there was simply no evidence of a fee agreement establishing the cost of the legal services. See Winthrop, 29 Mass.App.Ct. at 185-86; Northern Assocs., 57 Mass.App.Ct. at 877-78.