NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1718                                    Appeals Court

FELIX AVIKSIS & another[1]  vs.  KEVIN MURRAY & others.[2]

No. 13-P-1718.

Suffolk.    November 24, 2014. - March 6, 2015.

Present:  Meade, Hanlon, & Carhart, JJ.

Landlord and Tenant, Attorney's fees.  Contract, To guarantee rent payments.  Practice, Civil, Attorney's fees.


Civil actions commenced in the Boston Division of the Housing Court Department on September 26, 2008 and November 14, 2008.

After consolidation, the cases were heard by MaryLou Muirhead, J., and a motion for attorney's fees and costs was heard by her.


Hans R. Hailey for the plaintiffs.
Joseph Lichtblau for the defendants.


CARHART, J.  Felix Aviksis appeals from a Boston Housing

Court judgment awarding attorney's fees pursuant to G. L.

_____

[1] 27-29 Sutherland Road, LLC.

[2] Andrew Huber, William Wiet, Nick Colasurdo, Rick Murray, and Gene Libow.

c. 186, § 20, to Kevin Murray (Murray). The award followed a bench trial and a finding in favor of Murray on a complaint by Aviksis, which alleged that Murray was liable as guarantor for damage to a leased premises caused by Murray's son while a tenant. We reverse the award.

Background. On September 1, 2007, several young men, including Murray's son Rick Murray (Rick), began a one-year residential lease as the tenants of 29 Sutherland Road, Unit 1, in Brighton. The property is owned by 27-29 Sutherland Road, LLC; Aviksis is a manager of the LLC and property manager of the leased unit. The lease provided that the tenants were responsible for all separately metered utilities. Murray executed a guarantee, agreeing, as relevant here, to be responsible for any damage to the property caused by Rick.[3] The lease provided for the landlord's recovery of attorney's fees from the tenants in the event of litigation, but the guarantee contract was silent as to attorney's fees.

Unit 1, apparently along with other units on the property, was heated by natural gas, which was separately metered. The tenants did not ask the gas company to put the utility account in their names after they began occupying the unit. Nor did they pay the bill and, eventually, the gas company turned off

---

[3] Three other guarantors executed similar guarantees on behalf of their children who were tenants, but apparently Aviksis did not pursue claims against those guarantors.

the gas service to Unit 1, apparently during a period when the tenants were away from the apartment. It was during this time, in early January, 2008, that Unit 1 was damaged when water infiltrated the property. Aviksis alleged that the damage resulted because water pipes froze and broke due to the gas company having turned off the gas service to Unit 1, leaving it unheated. Aviksis repaired the damage and the tenants remained in Unit 1 until the expiration of the lease, when they moved out.

The tenants then commenced an action against Aviksis for recovery of the security deposit and interest (G. L. c. 186, § 15B), for rent abatement, and for damages for breach of the covenant of quiet enjoyment (G. L. c. 186, § 14).[4] The latter two claims were based on the fact that the water damage left part of the unit uninhabitable until it was repaired. Aviksis in part responded by commencing a separate action against Murray, alleging that Rick was responsible for the water damage and that Murray therefore was obligated by the guarantee to pay for the damage. The actions were consolidated, and a motion judge allowed summary judgment in favor of the tenants on their security deposit and interest claim.

---

[4] The guarantors (including Murray) were also named as plaintiffs in the complaint, but their claims were ultimately dismissed because they lacked standing to pursue claims belonging solely to the tenants.

After trial, a second judge found in favor of Murray on Aviksis's complaint, concluding that Aviksis had failed to prove that the termination of gas service to Unit 1 had caused the water damage. As to the other complaint, the trial judge ruled for the tenants on their rent abatement claim, finding that the implied warranty of habitability had been breached and that Aviksis had failed to show the tenants were responsible for the uninhabitability. The judge ruled against the tenants on their quiet enjoyment claim.[5]

Murray then moved pursuant to G. L. c. 186, § 20, for his attorney's fees incurred in defending against Aviksis's complaint.[6] The judge allowed the award, "find[ing] that the claim asserted by . . . Aviksis was, in fact, a claim against [Rick], the tenant, for damages at the subject premises." Aviksis now appeals from the judgment entered on that complaint, dismissing Aviksis's action and awarding Murray's attorney's fees and costs.[7] The sole issue raised is whether the statute

---

[5] The judge found that "[t]here has been no evidence that the burst pipe(s) was the result of any action or inaction on the part of . . . Aviksis and/or 27-29 Sutherland [Road,] LLC[,] or that there was an unreasonable delay in the restoration of [Unit 1] caused by the negligence of . . . Aviksis."

[6] The same attorney represented both Murray and the tenants in the litigation below (and in this appeal).

[7] There is no appeal before us from the separate judgment entered on the tenants' complaint, which included awards to the tenants of attorney's fees and costs -- under G. L. c. 186,

allowed Murray, as guarantor of a tenant's obligations to the landlord, to recover attorney's fees.

Discussion.  "In general, a prevailing party may not recover attorney's fees in the absence of statutory authority or a contractual provision."  Lincoln Street Realty Co. v. Green, 374 Mass. 630, 631 (1978).  It is undisputed that Murray's guarantee contract does not provide for attorney's fees.  The judge instead awarded fees pursuant to G. L. c. 186, § 20, inserted by St. 1977, c. 159, § 1.  Whether the judge had authority to do so is a question of statutory interpretation, to which we apply standard rules of construction without deference to the judge's conclusion.  See Fascione v. CNA Ins. Cos., 435 Mass. 88, 88, 91-94 (2001); National Lumber Co. v. United Cas. & Sur. Ins. Co., 440 Mass. 723, 724, 726-729 (2004); Connolly v. Sullivan, 76 Mass. App. Ct. 316 (2010).

Under G. L. c. 186, § 20, if a residential lease provides, as here, that "in any action or summary proceeding the landlord may recover attorneys' fees and expenses incurred as the result of the failure of the tenant to perform any covenant or agreement" in the lease, there is implied in the lease a "covenant by the landlord to pay to the tenant the reasonable attorneys' fees and expenses incurred by the tenant as the

§ 15B, for their security deposit and interest claim, and under G. L. c. 186, § 20, for their rent abatement claim.

result of the failure of the landlord to perform any covenant or agreement . . . under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease" (emphases supplied).[8] As the trial judge noted, there is no dispute that Murray was not named a tenant by the lease and was not otherwise an occupant of Unit 1. Indeed, the judge dismissed Murray's claims under G. L. c. 186, §§ 14, 15B, and for rent abatement, because he was not a tenant and therefore lacked standing (see note 4, supra). Aviksis commenced his action against a guarantor on the basis of the guarantee contract and not against a tenant on the basis of the lease.[9] The judge's conclusion that Murray was entitled to attorney's fees under G. L. c. 186, § 20, even though he was not a tenant and the action was not brought against a tenant and arising out the lease, was erroneous.

_____

[8] Also implied in such a lease by § 20 is "an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant." (Murray briefly argues that this language, in failing to specify by whom "such fees and expenses may be recovered," leaves an opening for recovery of fees by a guarantor. The contention is without merit; "such fees and expenses" plainly refers back to those "incurred by the tenant," which the landlord covenants "to pay to the tenant.")

[9] Furthermore, although the judge made a "find[ing]" (her word) that the damage claim against Murray as guarantor was actually a claim against Rick, Aviksis could not assert such a claim against Rick. See G. L. c. 186, § 15B(6) (landlord may not counterclaim for damage to premises if he has not complied with security deposit provisions).

"It is well settled that when a statute is construed its words are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature."  Prudential Ins. Co. of Am. v. Boston, 369 Mass. 542, 546 (1976).  Because the general term "tenant" is not defined in c. 186, we take its meaning "from the setting in which it is employed."  Kenney v. Building Commr. of Melrose, 315 Mass. 291, 295 (1943).  Historically, c. 186 has related expressly to "Estates for Years and at Will."  R.L. 1902, c. 129.  G. L. (1921) c. 186.  G. L. (Ter. Ed.) c. 186.  Section 4, which has long carried the title, "Liability of tenant for rent of part of land demised" (emphasis supplied),[10] provides that "[a] person in possession of land out of which rent is due shall be liable" for rent in proportion to the amount of demised land possessed.  G. L. c. 186, § 4.  This implies that a "tenant," as used in c. 186, is "a person in possession of land out of which rent is due."  General Laws c. 186, § 20, requires a landlord in breach to pay reasonable attorney's fees "to the tenant" where the lease allows fee-shifting from landlord to tenant,[11] and "[t]he literal meaning of a general term . . . must

---

[10] General Laws (Ter. Ed.) c. 186, § 4.  See G. L. (1921) c. 186, § 4.

[11] Also of note is the title of the act creating § 20:  "An Act Regulating the Recovery of Attorneys' Fees and Certain Expenses by the Landlord or Tenant in Certain Actions or Summary

be limited so as not to include matters that . . . do not fairly come within [the] spirit and intent" of the Legislative enactment.  Kenney, supra.  General Laws c. 186, § 20, "is limited in scope to equalizing the burden of potential litigation costs where a provision in the lease imposes that burden disproportionately on the tenant," Colonial Estates Assocs. v. Montagna, 18 Mass. App. Ct. 972, 973 (1984),[12] and it is undisputed in this case that Murray was not in possession of the land and not a "tenant" for the purposes of G. L. c. 186, §§ 14 and 15B.  Guarantees are matters of contract, see Merrimack Valley Natl. Bank v. Baird, 372 Mass. 721, 723 (1977), and this guarantee did not provide for attorney's fees.  The unambiguous language of § 20 does not evince a Legislative intent to extend reciprocal fee-shifting coverage to guarantors of tenants.  Our function is "to construe a statute as written," Prudential Ins. Co. of Am., supra at 547, and, as written, G. L. c. 186, § 20, simply does not apply to the guarantor in the circumstances.

---

Proceedings Arising Out of Leases of Residential Property."
St. 1977, c. 159, § 1.

[12] Here, the tenants received the benefit of fee-shifting under the statute, satisfying the concern underlying § 20.  See note 7, supra.

So much of the judgment in the matter of Aviksis <u>vs</u>. Murray as awards attorney's fees is reversed.   The judgment is otherwise affirmed.

<u>So ordered</u>.