DEMOULAS SUPER MARKETS, INC., & another[1] *vs.* JAMES RYAN, JR., & others.[2]

No. 06-P-912.

Middlesex. March 15, 2007. - September 26, 2007.

Present: LENK, GREEN, & SIKORA, JJ.

*"Anti-SLAPP" Statute. Practice, Civil,* Motion to dismiss, Frivolous action. *Judgment,* Preclusive effect.

A Superior Court judge's finding on a motion under G. L. c. 231, § 6F, that a claim raised in an action in the nature of certiorari was not "wholly insubstantial and frivolous" was preclusive of the issue whether that claim was "devoid of any reasonable factual support or arguable basis of law" under G. L. c. 231, § 59H (the "anti-SLAPP" statute), incident to a special motion to dismiss a subsequent action based on the same claim, where the parties to the § 59H proceeding had been parties to the prior certiorari action and the § 6F proceeding that followed it, where the determination that the claim was not frivolous was essential to the result in the § 6F proceeding, and where the issue in the § 6F proceeding was equivalent to the question involved in the § 59H proceeding. [261-269]

CIVIL ACTION commenced in the Superior Court Department on September 16, 2005.

A special motion to dismiss was heard by *Paul A. Chernoff,* J.

*Julie Pruitt Barry* for the plaintiffs.
*Mark W. Corner* for the defendants.

GREEN, J. Is a finding on a motion under G. L. c. 231, § 6F, that a claim is not "wholly insubstantial and frivolous" preclusive of the issue whether the claim was "devoid of any reasonable factual support or arguable basis in law," incident to a special motion to dismiss a subsequent action based on the same claim,

---

[1]Retail Management & Development, Inc.

[2]Joan Ryan, Tony Norton, Linda Norton, Chance Thornton, Sandra D. DiDomenico, and Eric Pestana.

under G. L. c. 231, § 59H (the "anti-SLAPP"[3] statute)? We conclude that the prior determination that the claim is not frivolous is preclusive for such purposes and accordingly affirm the judgment dismissing the plaintiff's complaint.

*Background.* The plaintiff, Demoulas Super Markets, Inc. (Demoulas), owns a shopping center located at 1900 Main Street, Tewksbury, known as Oakdale Plaza. The shopping center, which was originally built in the 1970's, had become outdated by 2002, when Demoulas purchased it. Incident to a proposed renovation of the shopping center, Demoulas sought and obtained from the Tewksbury planning board certain zoning relief (the nature of which is not specified in the record). In addition, because the proposed work posed potential impacts to wetlands areas, Demoulas sought and obtained from the Tewksbury conservation commission an order of conditions under G. L. c. 131, § 40, and the Tewksbury wetlands protection by-law.

The defendants, owners of homes in the vicinity of the shopping center (homeowners),[4] appealed from both the planning board decision and the order of conditions. The appeal of the planning board decision, under G. L. c. 40A, § 17, began by complaint to the Land Court and was eventually dismissed by stipulation of the parties. The homeowners appealed from the order of conditions both administratively, to the Department of Environmental Protection (DEP) for a superseding order of conditions, and judicially, by complaint to the Superior Court in the nature of certiorari, under G. L. c. 249, § 4. The Superior Court action was thereafter dismissed for lack of subject matter jurisdiction, because the allegations of the certiorari complaint implicated no provision of the Tewksbury wetlands protection by-law that is more stringent than the corresponding provisions of the State Wetlands Protection Act. See *T.D.J. Dev. Corp.* v. *Conservation Commn. of N. Andover*, 36 Mass. App. Ct. 124, 126 (1994).[5]

---

[3]SLAPP is an acronym for "strategic litigation against public participation." *Cadle Co.* v. *Schlichtmann*, 448 Mass. 242, 242 n.2 (2007).

[4]The defendants were joined in their appeals by certain other individuals who were not named as defendants in the present action.

[5]The DEP later issued a superseding order of conditions, affirming the order of conditions issued by the conservation commission, and the homeowners

Following dismissal of the homeowners' certiorari complaint, Demoulas filed a motion for attorney's fees, under G. L. c. 231, § 6F. The judge who had previously allowed Demoulas's motion to dismiss the complaint denied the § 6F motion, stating that the complaint was not wholly insubstantial or frivolous. The judge specifically declined to enter any finding that the homeowners' complaint had been filed in bad faith. Demoulas did not appeal from the denial of its § 6F motion, as was its right under G. L. c. 231, § 6G.

Approximately six months following dismissal of the homeowners' certiorari complaint, Demoulas filed the present complaint, in three counts: abuse of process; malicious prosecution; and interference with contractual relations. The homeowners timely filed a special motion to dismiss the complaint under the anti-SLAPP statute. After a nonevidentiary hearing, a judge of the Superior Court[6] allowed the homeowners' motion, and Demoulas appealed from the resulting judgment of dismissal.[7]

*Discussion.* The anti-SLAPP statute

> "was enacted by the Legislature to provide a quick remedy for those citizens targeted by frivolous lawsuits based on their government petitioning activities. See preamble to 1994 House Doc. No. 1520. See also *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161-162 (1998). The statute employs a number of mechanisms to protect the rights of those providing information to the government, including a special motion to dismiss and expedited hearing on the motion, a stay of discovery proceedings pending the motion's disposition, and the award of attorney's fees and costs to successful moving parties. See G. L. c. 231, § 59H. It applies to matters of both public

---

elected not to pursue an appeal from that administrative action under G. L. c. 30A.

[6]Coincidentally, the judge who heard and decided the homeowners' special motion to dismiss was the same judge who determined that their certiorari complaint should be dismissed for lack of subject matter jurisdiction.

[7]Following oral argument, we remanded the case to the Superior Court for the entry of supplemental findings to support the judge's conclusion that the certiorari complaint was not devoid of reasonable factual basis or arguable basis in law. After the judge filed his supplemental findings, the parties submitted supplemental briefs directed to the supplemental findings; supplemental briefing concluded on June 20, 2007.

and private concern, *McLarnon* v. *Jokisch,* [431 Mass. 343, 347 (2000)]; *Duracraft Corp.* v. *Holmes Prods. Corp., supra* at 164; and encompasses petitions brought before governmental agencies. See G. L. c. 231, § 59H; *Office One, Inc.* v. *Lopez,* 437 Mass. 113, 122-123 (2002) (applying anti-SLAPP statute to one defendant's communications with Federal Deposit Insurance Corporation)."

*Kobrin* v. *Gastfriend,* 443 Mass. 327, 331 (2005).

Though its scope is not limited to the land development paradigm, it is nonetheless true that "[t]he typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects." *Office One, Inc.* v. *Lopez, supra* at 121-122, quoting from *Duracraft Corp.* v. *Holmes Prods. Corp., supra* at 161.

The procedure governing a special motion to dismiss under the anti-SLAPP statute is well established. As a threshold matter, the moving party has the burden to show that the claims against it are " 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Duracraft Corp.* v. *Holmes Prods. Corp., supra* at 167-168. At this stage, "[t]he focus solely is on the conduct complained of, and, if the only conduct complained of is petitioning activity, then there can be no other 'substantial basis' for the claim." *Office One, Inc.* v. *Lopez, supra* at 122. If the moving party makes that showing, then the burden shifts to the nonmoving party to demonstrate that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." G. L. c. 231, § 59H, as amended by St. 1996, c. 450, § 245. See *McLarnon* v. *Jokisch, supra* at 349; *Baker* v. *Parsons,* 434 Mass. 543, 552 (2001); *Fabre* v. *Walton,* 436 Mass. 517, 520 (2002), *S.C.,* 441 Mass. 9 (2004).

We review the Superior Court judge's order allowing the homeowners' special motion to dismiss for abuse of discretion or other error of law. See *McLarnon* v. *Jokisch, supra* at 348; *Baker* v. *Parsons, supra* at 550. As a threshold matter, we have no difficulty concluding that the motion judge correctly ruled

that Demoulas's complaint was based on the homeowners' petitioning activities alone and had no other substantial basis. The counts for abuse of process and malicious prosecution were based explicitly and exclusively on the homeowners' certiorari action. Similarly, the sole means by which Demoulas alleged that the homeowners interfered with Demoulas's contractual relations was by the homeowners' prosecution of the certiorari complaint.

Demoulas argues that its complaint alleged a separate basis for its claims, in the form of its allegation that the homeowners were recruited to file the certiorari complaint by, and received financial and other assistance from, an unidentified third party. The argument is misplaced. Demoulas's complaint is directed solely against the homeowners, and the only *conduct* of the homeowners on which Demoulas's complaint is based is their prosecution of the certiorari complaint. As the motion judge observed, the homeowners' motives in bringing the certiorari complaint are irrelevant to a threshold determination whether the conduct complained of is protected petitioning. *Office One, Inc.* v. *Lopez, supra* at 122. Compare *Cadle Co.* v. *Schlichtmann,* 448 Mass. 242, 250 (2007) (statements designed to attract potential clients for legal services not petitioning).

Having determined that Demoulas's complaint is based on the homeowners' petitioning activity alone and has no substantial basis other than the petitioning activity, our inquiry turns to whether the homeowners' petitioning activity (the certiorari complaint) was devoid of any reasonable factual support or any arguable basis in law. In its opposition to the homeowners' special motion to dismiss in the Superior Court and in its brief on appeal, Demoulas cites *Vittands* v. *Sudduth,* 49 Mass. App. Ct. 401, 414-415 (2000), for its contention that the dismissal of the homeowners' complaint for lack of subject matter jurisdiction is alone sufficient to establish that the complaint was without reasonable factual support or arguable legal basis. Unlike the circumstances in *Vittands* v. *Sudduth, supra,* however, in which the jurisdictional defect lay in the failure timely to pursue administrative and judicial relief, the question of jurisdiction in the present case depended on the particular nature of the proposed work and the interrelationship between the Tewksbury wetlands

protection by-law and the State Wetlands Protection Act. Whether the provisions of a local wetlands by-law impose more stringent requirements than the State Wetlands Protection Act and hence furnish grounds for judicial review in the nature of certiorari independent of administrative review by the DEP may, in some circumstances, be a fairly nuanced question. See *Hobbs Brook Farm Prop. Co. Ltd. Partnership* v. *Conservation Commn. of Lincoln*, 65 Mass. App. Ct. 142, 149-150 (2005).[8] We see no reason to hold that dismissal of a certiorari action seeking review of a decision issued under a local wetlands by-law is, per se, tantamount to a determination that the action is devoid of reasonable factual support or arguable basis in law.

In the present case, neither the record nor the findings of the § 59H motion judge allow us to determine whether the absence of certiorari jurisdiction should have been apparent to the homeowners (or at least their attorney) at the time they filed their complaint.[9] In his memorandum of decision dismissing the certiorari complaint, the judge observed that the portions of the Tewksbury by-law that are more stringent than those of the State Wetlands Protection Act are those that impose additional buffer zone requirements under a section of the Tewksbury by-law, but that the plaintiffs made no allegations under that section. In his supplemental findings after remand, the § 59H motion judge stated that it was only during the hearing on the home-

---

[8] In opposition to the homeowners' special motion to dismiss, Demoulas separately argued that the homeowners were without standing to maintain the action, citing the absence of any facts in the administrative record to support standing. However, Demoulas did not submit the administrative record with its opposition to the homeowners' motion, so its factual assertions on standing were wholly unsubstantiated.

[9] For purposes of examining the question, we consider the record as it stood before the § 59H motion judge when he ruled on the homeowners' special motion to dismiss. With its opposition to the homeowners' special motion to dismiss, Demoulas did not submit the record from the certiorari action, a copy of the Tewksbury wetlands protection by-law, or even the certiorari complaint, instead arguing (as it continues to argue on appeal) that the dismissal on jurisdictional grounds was sufficient to establish that the homeowners' complaint was baseless. Though Demoulas presented additional materials to the motion judge during the proceedings on remand for supplemental findings, see note 7, *supra*, we agree with the homeowners that Demoulas may not rely for support of its position on appeal on evidentiary materials not presented to the motion judge in opposition to the homeowners' special motion to dismiss prior to their appeal.

owners' motion for judgment on the pleadings in the certiorari action that it became clear that they based their certiorari complaint on the claim that the order of conditions contravened the DEP's stormwater policy rather than on any provision of the Tewksbury by-law.[10] However, neither the judge's findings nor the arguments of the parties describe with any particularity how the allegations of the complaint assert any ground that a reasonable person could justifiably have thought to invoke those provisions of the Tewksbury by-law that are more stringent than the requirements of the State Wetlands Protection Act.[11] We need not resolve whether the homeowners' complaint presented a colorable question of jurisdiction, however, since the nonfrivolous nature of the homeowners' complaint was finally and conclusively established when Demoulas's motion for attorney's fees pursuant to G. L. c. 231, § 6F, in the certiorari action was denied.[12]

"The doctrine of issue preclusion provides that when an issue has been 'actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.' *Cousineau*

---

[10]Demoulas disputes the accuracy of the finding that the homeowners' exclusive reliance on the DEP's stormwater management policy emerged only at the hearing. However, the only support Demoulas cites for its assertion is its opposition to the homeowners' motion for judgment on the pleadings in the certiorari action, which Demoulas did not include in the record. The burden to provide a complete record is, of course, on the appellant.

[11]We disregard for this purpose the judge's comments in his supplemental findings concerning the potential applicability of a section of the Tewksbury by-law, because the homeowners did not assert any such claim in their certiorari complaint or in any of their other submissions. We also do not consider those supplemental findings entered by the judge which examined the potential merit of the homeowners' flooding concerns, as the potential merit of their claims does not confer jurisdiction on the Superior Court (as compared to the DEP) to hear them.

[12]"It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court." *Fay* v. *Federal Natl. Mort. Assn.*, 419 Mass. 782, 789 (1995), quoting from *Gabbidon* v. *King*, 414 Mass. 685, 686 (1993). Though the § 59H motion judge did not rest his determination that the homeowners' certiorari complaint was not devoid of reasonable factual support or arguable basis in law on the prior determination that the complaint was not wholly insubstantial and frivolous, we note that the homeowners argued issue preclusion both to the motion judge and on appeal.

v. *Laramee*, 388 Mass. 859, 863 n.4 (1983), quoting Restatement (Second) of Judgments § 27 (1982)." *Jarosz* v. *Palmer*, 436 Mass. 526, 530-531 (2002). See *Heacock* v. *Heacock*, 402 Mass. 21, 25 (1988).

Both the homeowners and Demoulas were parties to the prior certiorari action and to the G. L. c. 231, § 6F, proceeding that followed it. The denial of Demoulas's § 6F motion was subject to appeal (though Demoulas took no appeal); the order of denial was accordingly final and conclusive for purposes of the doctrine of issue preclusion. See *Jarosz* v. *Palmer, supra* at 534 (in order for determination to be final there must be available avenue for appellate review).

Demoulas argues that the finding that the homeowners' certiorari complaint was not frivolous should not be given preclusive effect, because its § 6F motion was collateral to the disposition of the homeowners' underlying certiorari complaint. See *Ben* v. *Schultz*, 47 Mass. App. Ct. 808, 813 (1999). The argument is misplaced. The proceeding on Demoulas's § 6F motion was collateral to the underlying certiorari complaint in the sense that it was separate and independent.[13] However, within the context of the § 6F proceeding relevant to the present case, the determination that the homeowners' complaint was not frivolous was essential to the result; though an award of attorney's fees under § 6F generally requires a showing that the action is both frivolous and advanced in bad faith, in the present case the § 6F motion judge specifically declined to reach the bad faith issue and based his denial of a fee award on his conclusion that the homeowners' complaint was not frivolous. Compare *Vittands* v. *Sudduth*, 49 Mass. App. Ct. at 412 (prior fee request denied because judge was "unable to brand the attorney's conduct as 'bad faith' ").

It remains for us to consider whether the issue decided in the

---

[13]For purposes of issue preclusion, it does not matter that the § 6F motion judge did not hold an evidentiary hearing on the motion. See *Jarosz* v. *Palmer, supra* at 531-532. Section 6F provides the opportunity for actual litigation of the issues of frivolousness, insubstantiality, and lack of good faith. The statute requires the court to hold a hearing on the motion and to enter findings and reasons in support of any award. See *Strand* v. *Herrick & Smith*, 396 Mass. 783, 791-792 (1986); *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 291-292 (1996); *Pirie* v. *First Congregational Church*, 43 Mass. App. Ct. 908, 910 (1997).

§ 6F proceeding is identical to the issue involved in the § 59H motion. That is to say, for purposes of issue preclusion, is a determination that an action is not "wholly insubstantial and frivolous" under G. L. c. 231, § 6F, equivalent to a determination that it is not "devoid of any reasonable factual support or any arguable basis in law"? Though we acknowledge that the two statutory standards are not linguistic mirrors of each other, we are persuaded that they resolve the same essential question.

"Frivolous" is defined, in part, as "of little weight or importance: having no basis in law or fact." Webster's Third New Intl. Dictionary 913 (1993). Black's Law Dictionary 692 (8th ed. 2004) similarly defines the term as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful." As applied to a claim, the plain meaning of the word "frivolous" describes an absence of legal or factual basis for the claim.

Though no Massachusetts appellate decision has had occasion to compare the standard of "wholly insubstantial and frivolous" under G. L. c. 231, § 6F, with that of "devoid of any reasonable factual support or any arguable basis in law" under the anti-SLAPP statute, our cases have tended to equate the standard under the anti-SLAPP statute with the concept of frivolousness. See, e.g., *Donovan* v. *Gardner*, 50 Mass. App. Ct. 595, 600 (2000), citing *Home Sav. Bank of America, FSB* v. *Camillo*, 45 Mass. App. Ct. 910, 912 (1998). In *Duracraft Corp.* v. *Holmes Prods. Corp.*, *supra* at 165, the court commented that the test under Mass.R.Civ.P. 11, 365 Mass. 753 (1974), which addresses whether there is a good faith basis to believe that a claim has a basis in fact or law, see *Van Christo Advertising, Inc.* v. *M/A-COM/LCS*, 426 Mass. 410, 416 (1998), "echoes" the first prong of the test to defeat a special motion to dismiss under the anti-SLAPP statute. Continuing, the discussion in *Duracraft* then used the term "frivolous" in observing that the focus of the test under the anti-SLAPP statute is on the merit of the defendants' prior petitioning activity, rather than on the merit of the claim that is targeted by the anti-SLAPP special motion to dismiss. *Duracraft Corp.* v. *Holmes Prods. Corp.*, *supra*.[14]

We also note that, after enacting the anti-SLAPP statute, the

---

[14]As the *Duracraft* court observed, "SLAPPs are by definition meritless

Legislature has equated the term "frivolous" with the standard of "devoid of any reasonable factual support or any arguable basis in law" in creating a cognate special motion to dismiss under the lis pendens statute. See G. L. c. 184, § 15(c), inserted by St. 2002, c. 496, § 2 ("The special motion to dismiss shall be granted if the court finds that the action or claim is frivolous *because* (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds" [emphasis supplied]).

According preclusive effect for § 59H purposes to a prior adjudication that a claim is not frivolous is consistent with the purposes of the anti-SLAPP statute because it relieves citizens of the burden of having to prove, in successive proceedings, the nonfrivolous nature of their protected petitioning activity. And it further reduces the likelihood that disputes over the petitioning activity itself will spawn excessive "satellite litigation." Cf. *Van Christo Advertising, Inc.* v. *M/A-COM/LCS, supra* at 422.

Demoulas's complaint was based solely on the homeowners' certiorari complaint, which constituted petitioning activity within the meaning of the anti-SLAPP statute. The denial of Demoulas's prior motion for attorney's fees, under G. L. c. 231, § 6F, on the sole ground that the certiorari complaint was not wholly insubstantial and frivolous, precludes Demoulas from contending, in opposition to the homeowners' special motion to dismiss under the anti-SLAPP statute, that the certiorari complaint was devoid of any reasonable factual support or any arguable basis in law. The judgment of the Superior Court is accordingly affirmed.[15]

The anti-SLAPP statute entitles the homeowners to their attorney's fees and costs incurred on appeal. The homeowners shall, within fifteen days, submit a statement of their attorney's fees and costs in accordance with the procedure specified in

suits," since they target constitutionally protected petitioning activity. *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. at 164, quoting from Barker, Common Law and Statutory Solutions to the Problems of SLAPPs, 26 Loy. L.A. L. Rev. 395, 399 (1993).

[15]There is no merit to Demoulas's contention that the Superior Court judge abused his discretion in refusing to except Demoulas's discovery requests from the stay presumptively imposed by the anti-SLAPP statute. In any event, the dismissal of Demoulas's complaint renders moot the topic of discovery.

*Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). Demoulas within fifteen days thereafter may submit any opposition to the amount of fees requested.

*So ordered.*