Kern, Leila R., J.
This motion stems from an action brought by the plaintiff/defendant-in-counterclaim, Fri Florence Fon, seeking to compel the defendant/plaintiff-in-counterclaim, Arnica Mutual Insurance Company, to arbitrate Fon’s claim for uninsured motorist benefits. Arnica now moves for summary judgment on its counterclaims for breach of contract, deceit and bad faith. This court held a hearing on April 22, 2008. For the following reasons, Arnica’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
Fon alleges that on May 8, 2005, the automobile she and four others were riding in was struck from behind by another vehicle, which then fled the scene, leaving her without any identification of the driver or automobile.[1] As a result of the accident, Fon suffered injuries.
Fon filed a claim with her insurer, Arnica, for uninsured motorist benefits. In response to Fon’s claim, Arnica conducted an investigation. As part of the investigation, Arnica requested Fon, and the four other claimants in the automobile, provide examinations under oath. Two of the passengers failed to show up for their examinations. The other two passengers, Jacqueline and Clarence Aweh, provided versions of the story divergent from that offered by Fon. As a result, Arnica determined Fon’s claim was fraudulent, and declined to pay benefits to her. Arnica notified Fon of its decision on November 17, 2005.
On February 16, 2006, Fon filed a three-count complaint against Arnica, in which she sought to compel Arnica to arbitrate her uninsured motorist benefits claim.[2] In response, Arnica filed an answer and counterclaim, wherein they sought a declaration and order that they had no duty to provide insurance benefits to Fon. Additionally, Arnica alleges breach of contract, deceit and bad faith. Arnica also filed a motion to stay arbitration proceedings on March 2006. Fon filed another motion to compel arbitration on April 4, 2006, and on May 31st, 2006, this court (Gersheng-orn, J.) issued an order allowing Fon’s motion and denying Arnica’s motion.[3]
The parties proceeded to arbitration on October 5, 2006. On December 14, 2006, the arbitrator issued his decision, concluding “that the Defendant Arnica has established by a preponderance of the evidence that Fon has made material false statements to it concerning the events of May 8, 2005, and that such false statements constitute a breach of the cooperation clause under the insurance policy issued to her by Arnica.” As support for his decision, the arbitrator listed ten inconsistencies between Fon’s and the Awehs’ stories. Consequently, the arbitrator held that Fon was not entitled to recover from Arnica because her claim was fraudulent. This court (Smith, J.) confirmed the arbitrator’s award on Januaiy 9, 2007, pursuant to G.L.c. 251, § 11. On October 22, 2007, this court (Smith, J.) allowed Arnica’s Motion for Summary Judgment as to Fon’s remaining claims.
On November 22, 2007, Arnica filed the present Motion for Summary Judgment as to their counterclaims.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be *2 discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat'l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
II. Arnica’s Claims
Arnica argues this court should give the arbitrator’s decision preclusive effect and grant summary judgment in its favor. “The doctrine of issue preclusion provides that when an issue has been ‘actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.’ ” Demoulas Super Markets, Inc v. Ryan, 70 Mass.App.Ct. 259, 265-66 (2007), quoting Cousineau v. Laramee, 388 Mass. 859, 863 n.4 (1983). In order to establish issue preclusion, the party asserting the doctrine must show: (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue decided was identical with the one presented in the action in question; and, (4) the issue decided was essential to the judgment in the prior adjudication. Alba v. Raytheon Co., 441 Mass. 836, 842 (2004).
A decision made by an arbitrator can have preclu-sive effect in a subsequent suit between the same parties or their privies. TLT Constr. Corp. v. A. Anthony Tappe and Assoc., Inc., 48 Mass.App.Ct. 1, 9 (1999). “When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” Id., quoting Bailey v. Metropolitan Property & Liab. Ins. Co., 24 Mass.App.Ct. 34, 36-37 (1989).
Here, the arbitrator’s decision should be given pre-clusive effect. Both parties were able to present evidence to the arbitrator. Based on the evidence presented, the arbitrator issued a written decision outlining the inconsistencies between Fon’s and the Awehs’ stories and concluded Fon made material misrepresentations regarding her claims. As a result, the arbitrator denied her claim and this court confirmed the arbitrator’s decision. The central issue — representations made by Fon — was thus actually litigated and determined by a valid and final judgment. See Alba, 441 Mass. at 843-44 (issue actually litigated and determined where properly raised in prior proceedings, submitted for determination and was actually determined).
Moreover, the arbitrator’s decision is conclusive in the present action. Arnica claims breach of contract, deceit and reverse bad faith. The arbitrator determined Fon’s misrepresentations constituted breach of contract. Furthermore, the arbitrator’s conclusions are sufficient to support Arnica’s remaining claims of deceit[4] and bad faith[5] both of which turn on the issue of Fon’s misrepresentations. See id. at 843-44 (although administrative judge did not address the specific issue in prior action, issue was given preclusive effect where it was “the product of full litigation and careful findings”).
Fon was thus provided with a “full and fair opportunity to litigate the issue in the first action.” Id. at 841, quoting Martin v. Ring, 401 Mass. 59, 62 (1987). Because the arbitrator’s decision encompassed the issue central to Arnica’s counterclaim, it will be given preclusive effect by this court. As a result, there are no issues of material fact left to be resolved and summaiy judgment will enter in favor of Arnica. Accordingly, this court will award Arnica $5,635.97 for costs incurred in investigating and defending this action.
ORDER
It is hereby ORDERED Arnica’s Motion for Summary Judgment is ALLOWED. It is further ORDERED Fon pay Arnica $5,635.97.

 The automobile Fon was riding in that day was owned and insured by Jacqueline Aweh. Coincidentally, Jacqueline’s automobile was also insured by Arnica.

 The plaintiff also brought claims seeking damages for violations of G.L.c. 93A and G.L.c. 90, §34M.

 Nile defendant filed a petition for relief from this order pursuant to G.L.c. 231, §118, which was denied on July 5, 2006.

 A party claiming deceit must show (1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and, (5) damage directly resulted therefrom." Equipment and Systems for Industry, Inc. v. Northmeadows Construction Company, Inc., 59 Mass.App.Ct. 931 (2003).

 Bad faith is not simply bad judgment or negligence; it “imports a dishonest purpose of some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duly through some motive of interest or ill will.” Parker v. D’Avolio, 40 Mass.App.Ct. 394, 402-03 (1996), quoting Spiegal v. Beacon Participations, Inc., 297 Mass. 398, 416 (1937).