MICHAEL J. CONNOLLY *vs.* MARY K. SULLIVAN.

No. 09-P-597.

Norfolk. January 6, 2010. - February 23, 2010.

Present: BERRY, MILLS, & VUONO, JJ.

*"Anti-SLAPP" Statute. Practice, Civil,* Complaint, Dismissal, Moot case.

In a civil action in which the defendant filed a special motion to dismiss
pursuant to G. L. c. 231, § 59H (the "anti-SLAPP" statute), and the
plaintiff thereafter filed a notice of voluntary dismissal pursuant to Mass.R.
Civ.P. 41(a)(1)(i), the Superior Court judge, treating the special motion to
dismiss as moot, properly concluded that she lacked authority to award
costs and attorney's fees to the defendant, where the judge did not grant
the special motion to dismiss. [317-318]

CIVIL ACTION commenced in the Superior Court Department on
November 17, 2008.

Following the plaintiff's voluntary dismissal of his complaint,
an order declaring moot the defendant's subsequent special mo-
tion to dismiss was entered by *E. Susan Garsh,* J.

*Joseph D. Kropp* for the defendant.

*Paul F. Cavanaugh* for the plaintiff.

MILLS, J. We must determine whether a plaintiff's voluntary
dismissal of his complaint, see Mass.R.Civ.P. 41(a)(1)(i), 365
Mass. 803 (1974), deprives the Superior Court the authority to
award fees under the "anti-SLAPP" ("strategic litigation against
public participation") statute, G. L. c. 231, § 59H. We agree
with the motion judge's conclusion that she lacked such author-
ity in these circumstances.

*Background.* Michael J. Connolly, the plaintiff, purchased
two lots in Wellesley upon which he sought to build a five-unit
residential project. Mary K. Sullivan, the defendant, met with
abutters to determine whether they could halt the development.
The plaintiff brought this action on November 17, 2008, seek-
ing injunctive relief and $5 million in damages. In the complaint,

he alleged that the defendant made private and public threats to stop him from developing the property and to bankrupt him.

On December 10, 2008, the defendant filed a notice of intent to file a special motion to dismiss under the anti-SLAPP statute, G. L. c. 231, § 59H (special motion to dismiss).[1] On December 24, 2008, she served her special motion to dismiss upon the plaintiff pursuant to Superior Court Rule 9A (2004). The defendant agreed to the plaintiff's request for an extension of time to serve his opposition, but instead, on January 2, 2009, he filed a notice of voluntary dismissal pursuant to Mass.R.Civ.P. 41(a)(1)(i).

On January 22, 2009, the judge indorsed the defendant's special motion to dismiss (in which the defendant requested an award of attorney's fees), stating, "No action will be taken as it is moot. A voluntary notice of dismissal was filed on January 2, 2009 before the filing of this motion to dismiss."[2] The defendant appeals from this order with a variety of arguments to the effect that the voluntary dismissal did not make the action moot as to her request for attorney's fees.

*Discussion.* The parties do not dispute that the plaintiff had an absolute right to voluntarily dismiss his complaint pursuant to Mass.R.Civ.P. 41(a)(1)(i).[3] The dismissal, which occurred after the defendant noticed her intent to file a special motion to dismiss, was timely because it occurred prior to the defendant's service "of an answer or of a motion for summary judgment." See note 3, *supra*. The dispute is whether the Superior Court had authority to award fees, under the anti-SLAPP statute, G. L. c. 231, § 59H, after this voluntary dismissal.

---

[1] The anti-SLAPP statute "is intended to protect the 'exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " *North Am. Expositions Co. Ltd. Partnership* v. *Corcoran*, 452 Mass. 852, 853 (2009) (*Corcoran*), quoting from *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161 (1998). "It creates a special motion to dismiss for the prompt resolution of SLAPP suits, actions designed not to win, but rather 'to deter or retaliate against individuals who seek to exercise their right of petition.' " *Corcoran, supra*, quoting from *Wenger* v. *Aceto*, 451 Mass. 1, 4 (2008).

[2] This was entered in the docket on January 26, 2009.

[3] Rule 41(a)(1) provides, in pertinent part, "Subject to the provisions of these rules and of any statute of this Commonwealth, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."

" 'The usual rule in Massachusetts is that the litigant must bear his own expenses' . . . the so-called 'American Rule.' " *Wilkinson* v. *Citation Ins. Co.*, 447 Mass. 663, 669 (2006), quoting from *Waldman* v. *American Honda Motor Co.*, 413 Mass. 320, 321 (1992). An award of fees is proper if "(1) a statute permits awards of costs, . . . or (2) a valid contract or stipulation provides for costs, or (3) rules concerning damages permit recovery of costs." *Fuss* v. *Fuss*, 372 Mass. 64, 70 (1977).

The anti-SLAPP statute has an express provision for costs: "If the court grants [a] special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees." G. L. c. 231, § 59H, inserted by St. 1994, c. 283, § 1. This language is unambiguous: in order to receive an award of costs and fees, the court must first "grant" the special motion to dismiss. *Ibid.* This language is "plain and unambiguous," and thus "must be given its ordinary meaning." *Commonwealth* v. *Disler*, 451 Mass. 216, 222 (2008), quoting from *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000). In this case, the judge did not "grant" the special motion to dismiss. Instead, she properly ruled the motion moot in light of the voluntary dismissal, and thus costs and fees were not permitted under the anti-SLAPP statute.

Despite the anti-SLAPP statute's clear language, the defendant invites us to graft language onto it in order to permit recovery of costs and fees in these circumstances. We decline to do so because "we do not 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.' " *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting from *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914).

*Conclusion.* The judge properly concluded that she lacked authority to award attorney's fees after the plaintiff had voluntarily dismissed his complaint prior to service of an answer or a motion for summary judgment. The order dated January 22, 2009, is affirmed.

*So ordered.*