Ball, Carol S., J.
The plaintiffs, Winthrop Healthcare Investors, L.P. and HP/Salisbury, Inc., brought this action for negligence, breach of contract, and breach of the duty of loyalty against the defendant, Kevin Cogan (“Cogan”). On April 16,2010, Cogan filed a Special Motion to Dismiss pursuant to the Anti-SLAPP statute, G.L.c. 231, §59H. On May 10, 2010, the plaintiffs filed an opposition to Cogan’s motion. The court held a hearing on September 22, 2010 and took the matter under advisement. On September 30, 2010, the plaintiffs filed a Notice of Dismissal of the complaint pursuant to Mass.R.Civ.P. 41 (a)(1) (I). Cogan opposed the plaintiffs’ Notice of Dismissal and the court allowed the parties to file mem-oranda regarding whether the complaint should be dismissed.
BACKGROUND
The plaintiffs were owners and operators of the Governor Winthrop Nursing Home (“Governor Winthrop”). Cogan became the administrator of Governor Winthrop on September 11, 2006. On December 21, 2006, the Massachusetts Attorney General filed an action in Superior Court alleging that Governor Winthrop was not providing adequate care to its residents.[2] On December 21, 2006, Judge Spurlock appointed a temporary receiver to preserve the health, safety, and well-being of the residents at Governor Winthrop. On February 7, 2007, upon recommendation of the receiver and after visiting the facility, receiving evidence, and hearing from the parties, Judge Spurlock authorized the receiver to close Governor Winthrop.[3] Ultimately, the owners and operators of Governor Winthrop consented to the entry of Final Judgment against them and waived all rights of appeal.
On December 17, 2009, the plaintiffs brought this action for negligence, breach of contract, and breach of the duty of loyalty against Cogan. The plaintiffs claim that their losses from the closure of Governor Winthrop were caused by Cogan’s mismanagement and his false and misleading reports to the Department of Public Health (“DPH”). On April 16, 2010, Cogan filed a Special Motion to Dismiss pursuant to the Anti-SLAPP statute. On April 23, 2010, the Attorney General’s Office provided notice that it was intervening in the action. On May 10, 2010, the plaintiffs filed an opposition to Cogan’s motion. On May 18, 2010, Cogan filed a Motion to Dismiss for Failure to State a Claim and requested attorneys fees and costs pursuant to G.L.c. 231, §6F. The plaintiffs opposed that motion as well. The court held a hearing on Cogan’s motions on September 22, 2010 and took the matters under advisement.
On September 30, 2010, the plaintiffs tried to file a Notice of Dismissal of the complaint pursuant to Mass.R.Civ.P. 41(a)(l)(I), but the clerk’s office rejected the filing. The plaintiffs refiled the motion directly with the court on October 1, 2010. The court stated that it would take no action on the motion “until the defendant has had an opportunity to be heard.” On October 14, 2010 Cogan filed a Memorandum Concerning Plaintiffs’ Purported Notice of Dismissal. On October 21, 2010, the plaintiffs filed a Memorandum of Law Concerning Plaintiffs’ Notice of Dismissal.
DISCUSSION I. Mass.R.Civ.P. 41
Massachusetts Rule of Civil Procedure 41(a)(l)(I) allows a plaintiff to dismiss an action without an order from the court “by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.” The plaintiffs argue that they have an absolute and unconditional right to dismiss this action because Cogan has not served an answer or motion for summary judgment.[4] Cogan argues that the court should treat his special motion to dismiss pursuant to the anti-SLAPP statute, which was accompanied by “affidavits and a substantial record” and “fully briefed *76 and argued,” as a motion for summaiy judgment for purposes of Mass.R.Civ.P. 41. Compare Mass.R.Civ.P. 12(b)(6) (stating that if, on any motion to dismiss for failure to state claim upon which relief can be granted, matters outside pleading are presented to and not excluded by the court, motion shall be treated as one for summaiy judgment).
The court acknowledges the validity of Cogan’s argument that a special motion to dismiss pursuant to the anti-SLAPP statute that has been fully briefed and argued could be considered analogous to a motion for summaiy judgment for purposes of Mass.R.Civ.P. 41. However, Cogan does not cite any case law in support of his argument nor could this court find any.
For their part, the plaintiffs cite to Connolly v. Sullivan, 76 Mass.App.Ct. 316 (2010), in support of their argument. In Connolly, the defendant served on the plaintiff a special motion to dismiss pursuant to the anti-SLAPP statute and filed a notice of intent to file the motion with the court. Id. at 317. Instead of opposing the motion, the plaintiff filed a notice of voluntary dismissal pursuant to Mass.R.Civ.P. 41 (a)(1) (I). Id. The court did not take action on the special motion to dismiss on the basis that it was moot because the plaintiff had filed a notice of dismissal “before the filing of this motion to dismiss.” Id. The parties did not dispute that the plaintiff had the right to dismiss'- his complaint voluntarily pursuant to Mass.R.Civ.P. 41 (a) (1)(I). Id. The Connolly court stated: “The dismissal, which occurred after the defendant noticed her intent to file a special motion to dismiss, was timely because it occurred prior to the defendant’s service ‘of an answer or of a motion for summaiy judgment.’ ” Id.
The court notes that the procedural posture of the present case is much different from that of Connolly and also that most of the Appeal Court’s discussion regarding dismissal is dicta because the parties did not dispute that the plaintiff had an absolute right to dismiss the complaint voluntarily. Consequently, were this court to rule on the merits of the issue, the court would rule that the filing of the anti-SLAPP motion with the court trumps the attempt atvoluntaiy dismissal.[5] The pendency of the motion under G.L.c. 231, §6F moots the issue, however, and so the notice of voluntary dismissal shall be accepted for filing and the motion under c. 231, §6F is allowed, as discussed below.
II. G.L.c. 231, §6F
General Laws c. 231, §6F states:
Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge . . . the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.
If such a finding is made with respect to a party’s claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable costs and expenses incurred in defending against such claims.
Any such decision must describe the specific facts and reasons upon which the finding is based. G.L.c. 231, §6F. Section 6F is a punitive measure that is meant to discourage insubstantial and frivolous actions and defenses. Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 328-29 (1997).
A claim is frivolous if there is an “absence of legal or factual basis for the claim.” Demoulas Super Mkts., Inc. v. Ryan, 70 Mass.App.Ct. 259, 267 (2007). Good faith implies “an absence of malice, an absence of design to defraud or to seek an unconscionable advantage.” Hahn v. Planning Bd. of Stoughton, 403 Mass. 332, 337 (1988). Massachusetts courts consider the claimant’s subjective belief in the validity of his claim, and whether that belief is reasonable, when evaluating whether a claim was made in good faith. See Massachusetts Adventura Travel, Inc. v. Mason, 27 Mass.App.Ct. 293, 299 (1989) (inquiiy is neither wholly subjective nor wholly objective).
Although there seems to be no definitive precedent either permitting or precluding the award of G.L.c. 231, §6F damages after dismissal pursuant to Mass.R.Civ.P. 41(a)(1),[6] the court finds that it would be manifestly unfair in the circumstances of this case not to award Cogan his attorneys fees and costs in defending the plaintiffs’ “wholly insubstantial, frivolous and not advanced in good faith” action.
It is clear that the plaintiffs filed this action intending to retaliate against Cogan for his reporting to the DPH, the Attorney General, and the Superior Court about the deplorable, unsafe, and illegal activities and conditions at Governor Winthrop. After examining the record in the case against Governor Winthrop,[7] the court cannot imagine that any reasonable person would believe the plaintiffs’ claims against Cogan were valid or made in good faith.[8] In fact, the plaintiffs’ quick filing of a Notice of Dismissal after the September 22, 2010 hearing casts further doubt on the plaintiffs’ good faith as it was an obvious attempt to avoid attorneys fees and costs under the anti-SLAPP statute. In the present situation, where the plaintiffs, frivolously and in bad faith, filed a complaint and then opposed Cogan’s anti-SLAPP motion, the court finds that justice requires an award of attorneys fees and costs for Cogan’s defense of the action. See Police Comm’r of Boston v. Gows, 429 Mass. 14, 19 (1999) (“An award of attorneys fees should be reserved for rare and egregious cases. This is such a case. [A] judge ... [may] consult[ ] [her] sense of justice in awarding attorneys fees to compensate [a party] for the needless litigation in which [the party] has been forced to engage . . .”).
*77 ORDER
For the above-mentioned reasons, it is hereby ORDERED that Plaintiffs’ Notice of Dismissal be accepted for filing. In addition, the court has determined that the plaintiffs’ claims are wholly insubstantial, frivolous, and not advanced in good faith and so finds that the plaintiffs have violated G.L.c. 231, §6F. The defendant shall file a Motion for Attorneys Fees and Costs, including an affidavit setting forth his attorneys fees and costs, in accordance with Superior Court Rule 9A. Once the motion and any opposition is received, the court will set up a hearing on the motion.[9]

Suffolk Civil Action No. 06-5340.

See Findings of Fact, Rulings of Law, and Order for Judgment on the Receiver, Robert J. Griffin's, Emergency Motion for Authorization to Close the Governor Winthrop Nursing Home, Civil Action No. 06-5340 (Suffolk Super.Ct. Feb. 7, 2007) (Spurlock, J.).

The plaintiffs state in their memorandum that they have no intention of re-filing their claims “in this or any other forum.”

If the plaintiffs had not filed for dismissal, the court would have found for Cogan on his anti-SLAPP motion, and Cogan would have received attorneys fees and costs pursuant to G.L.c. 231, §59H. See North American Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 872 (2009) (“Once a court grants a special motion to dismiss under G.L.c. 231, §59H, the award of attorneys fees ... is mandatory”). After the hearing on September 22,2010, the likelihood of an award of attorneys fees pursuant to the anti-SLAPP statute must have been apparent to the plaintiffs as they hastily filed a Notice of Dismissal a week later.

See Muthig v. Brant Point Nantucket, Inc., 838 F.2d 600, 602, 603-04 (1st Cir. 1988) (parties stipulated to defendant’s dismissal pursuant to Fed.R.Civ.P. 41(a)(l)(ii), defendant sought attorneys fees under Fed.R-Civ.P. 11 and G.L.c. 231, §6F, plaintiffs moved to strike motion on ground that voluntary dismissal deprived court of power to act on either motion, First Circuit decided that because Rule 11 provided support for award of attorneys fees, it did not need to decide whether G.L.c. 231, §6F provided similar support).

For a full recitation of the facts relating to the closing of Governor Winthrop see Findings of Fact, Rulings of Law, and Order for Judgment on the Receiver, Robert J. Griffin's, Emergency Motion for Authorization to Close the Governor Winthrop Nursing Home, Civil Action No. 06-5340 (Suffolk Super.Ct. Feb. 7, 2007) (Spurlock, J.), and the other exhibits attached to Cogan’s Memorandum in Support of Special Motion to Dismiss Plaintiffs’ Complaint Pursuant to the Anti-SLAPP Statute.

At- the September 22, 2010 hearing, the Attorney General’s Office expressed its outrage that the plaintiffs, who had settled the earlier litigation, would bring this suit against an individual who cooperated in their investigation. The Attorney General’s representative characterized this litigation as harassment and retaliation.

On September 22, 2010, the court held an extensive hearing on the two motions to dismiss and the request for a G.L.c. 231, §6F award then pending. In the interests of curbing attorneys fees accruing in this litigation, I have decided this newest dispute on the papers and decline to hold a hearing on it.