The parties all were engaged in a residential construction project in the Chestnut Hill area of Newton. The plaintiff, Krikor Baytarian, was hired to supervise and work on the design of the construction project. Baytarian brought an action in Superior Court against Noranda Construction Management & Development Co., LLC, and its owner and manager, George Kouris (collectively, Noranda), to collect unpaid wages and associated damages pursuant to the Wage Act.[3] See G. L. c. 149, § 148. After a jury-waived trial, a judge ruled in Baytarian's favor, supporting his rulings with factual findings dictated from the bench. Noranda appealed, arguing principally that the judge erroneously classified Baytarian as an "employee" when he should have been classified as either a partner or an independent contractor. We affirm.
Notably, Noranda does not challenge any of the judge's subsidiary findings. The undisputed facts[4] established that Baytarian had no equity or voting rights in Noranda, was not liable for Noranda's obligations or debts, had never seen the financial records of Noranda, and -- at least during the relevant period -- had not received any distribution of Noranda's profits. In addition, Noranda's payments to Baytarian were characterized by Kouris as expenses for "contract labor." We agree with the judge's analysis that under these facts, Baytarian was not a partner. See Sullivan v. Lawlis, 93 Mass. App. Ct. 409, 413-414 (2018) (describing characteristics of partnership). Noranda argues, as it did below, that at one time, Baytarian had received some payments for his work that went beyond what could be considered a base salary, and that such facts establish that Baytarian must be considered a partner. The judge concluded that Noranda had not met its burden of proving those alleged facts.[5] Moreover, as the judge accurately pointed out, and long has been established, the mere fact that a salaried worker might receive a bonus or a share of profits does not make him a partner, or disqualify him from being an employee. See Cambra v. Santos, 233 Mass. 131, 135 (1919).
Nor do we discern any legal error in the judge's conclusion that Baytarian properly should be classified as an employee and not an independent contractor. Under the Wage Act, someone who provides services to another is presumed to be an employee unless the putative employer proves that all three of certain specific factors apply. Sebago v. Boston Cab Dispatch, Inc., 471 Mass. 321, 327 (2015). The second such factor is that "the service is performed outside the usual course of the business of the employer." Id., quoting G. L. c. 149, § 148B. The judge concluded that Noranda's showing on this factor "fail[ed] miserably." That conclusion is well supported by the record.
Noranda also makes certain procedural arguments that merit little discussion. The judge's dictated factual findings plainly were sufficiently specific to satisfy the dictates of Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996). See Spenlinhauer v. Spencer Press, Inc., 81 Mass. App. Ct. 56, 67 (2011) ( rule 52 [a] "does impose on the judge an independent duty to articulate the essential grounds of [his] decision" but "does not require extensive detail"). To the extent that Noranda argues that the judge was required to await the production of a transcript before making his findings, there is simply no such requirement in the rules or case law. The same is true about Noranda's assertion that the judge erred by not providing it an opportunity to submit proposed findings and rulings.
For these reasons, we affirm the judgment. Baytarian has requested that reasonable appellate costs and attorney's fees be assessed pursuant to the Wage Act. Within fifteen days of the date of the rescript, Baytarian shall submit a statement of his reasonable attorney's fees and costs in accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Within fifteen days thereafter, Noranda may submit an opposition to the amount requested. See Demoulas Super Mkts., Inc. v. Ryan, 70 Mass. App. Ct. 259, 268-269 (2007).
Judgment affirmed

Although the complaint also listed as a defendant Five Kesseler LLC, the owner of the property of the construction project, Baytarian essentially abandoned the claims against that defendant over the course of the litigation, and the judge dismissed all such claims after trial. Five Kesseler LLC has not participated in this appeal.

In fact, as the judge pointed out in his findings, Noranda stipulated to most of the principal facts.

Noranda seeks to support such claims through invoking judicial estoppel, based on past positions that it asserts Baytarian has taken. Those arguments were not raised in the trial court and therefore were waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). We are unconvinced by Noranda's assertion that its failure to raise such arguments should be excused because the judge did not provide it a chance to submit proposed findings and rulings. In any event, we discern no merit in Noranda's judicial estoppel arguments.